THE THURLOW MEDICAL COMPANY v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF SALEM.

Submitted June 5, 1901—Decided November 11, 1901.

Where a statute gives a municipal council power to impose license fees for revenue, the council itself must fix the fees. It cannot delegate the power to fix them to the mayor or, in his absence, to the city recorder.

---

On *certiorari* to remove an ordinance of the city of Salem.

Before VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *William T. Hilliard.*

For the defendant, *Jonathan W. Acton.*

The opinion of the court was delivered by

FORT, J. This writ brings up an ordinance of the city of Salem. The title of the ordinance is "An ordinance to provide revenue for the city of Salem by the granting of licenses." The ordinance was passed October 17th, 1900. The prosecutor is a foreign corporation, duly authorized to do business under the laws of this state. Its agent, while engaged in business in the city of Salem, was arrested for failing to take out a license, and the prosecutor is prohibited from doing business in the city of Salem unless it first takes out a license under the ordinance brought up. This is an ordinance for revenue, and the city charter does not authorize the imposition of a license for revenue. License fees cannot be imposed for revenue except by express authority of law. *North Hudson County Railway Co.* v. *Hoboken,* 12 *Vroom* 71; *Muhlenbrinck* v. *Commissioners,* 13 *Id.* 364; *Clark* v. *New Brunswick,* 14 *Id.* 175; *Charter of Salem, Pamph. L.* 1858, *p.* 109, § 8.

While there is no authority for this ordinance in the city charter, it may be found under an act providing for licenses, approved May 16th, 1894. *Pamph. L., p.* 393.

While this act seems to confer authority to impose license fees for revenue, it does not justify the method of fixing the amount of the fee in the ordinance brought up.

The act of 1894 authorizes the city council "to fix and prescribe penalties for the violation of any such ordinance or ordinances." These penalties must be fixed in the ordinance. The ordinance before us provides as follows:

"Application shall be made for such license to the mayor of the city of Salem, or in his absence to the city recorder, who may grant such license to said applicant upon the payment of a sum of not more than fifty dollars, to be fixed by the mayor or, in his absence, by the city recorder."

No authority can be found to sustain such a provision as this. The city council cannot vest its discretion to fix license fees in some city official. *State* v. *Zeigler,* 3 *Vroom* 262; *Melick* v. *Washington,* 18 *Id.* 254.

It will be unnecessary to consider the other reasons assigned for reversal. The ordinance will be set aside.