THE VILLAGE OF SOUTH ORANGE, a municipal corporation of New Jersey,

*v.*

DAVID L. HELLER.

[Decided May 11th, 1921.]

A village zoning ordinance is invalid under *P. L. 1920 p. 455*, where it does not apply to all persons alike throughout the zone, but provides for special permits to be granted by the board of trustees of the village after a hearing.

On bill, &c.

*Messrs. Riker & Riker* and *Mr. Robert N. McCarter,* for the complainant.

*Mr. Thomas A. Davis,* for the defendant.

BACKES, V. C.

This bill is filed by the village of South Orange to restrain the defendant from erecting a public garage in violation of its "zoning" ordinance.

The legislature in 1920 (*P. L. p. 455*) enacted that—

"The governing body of each and every municipality in this state shall have power by ordinance to regulate and restrict the location thereafter of trades and industries and the subsequent location of buildings designed for a specified use in any designated area and may divide the municipality into districts of such number, shape and area as it may deem best suited to carry out the purposes of this act. For each such district regulations may be improved designating the trades and industries which shall be excluded or subjected to special regulations and designating the uses for which buildings may not be erected or altered. Such regulations shall be designed to promote the public health, safety and general welfare."

Pursuantly, the village of South Orange passed an ordinance entitled "An ordinance to regulate and restrict the location of trades and industries and the erection of buildings designed for a specified use within designated areas and dividing the village of South Orange into districts to carry out the purposes hereof." The ordinance divided the village into two districts, designated respectively as (1) the business district, and (2) the residential district. The third section of the ordinance provides:

"Section 3. In the residential section, designated as No. 2, hereafter no building shall be erected, altered or used as a factory, chemical works, public garage, power plant, slaughter-house, abbatoir, shop or store for the sale of merchandise of any kind, excepting only such buildings as may now be in actual use for any of the said purposes, without a special permit to be granted only upon resolution of the board of trustees, and after a hearing, notice of which shall be advertised in a newspaper published in the village of South Orange at least once ten days prior to the date fixed for such hearing."

It is charged that the defendant is about to erect a public garage in the prohibited area and the bill is filed to restrain him.

I do not find myself called upon to pass upon the constitutionality of the legislation, or the jurisdiction of this court to enforce a municipal ordinance, or the propriety of interfering by injunction *pendente lite* where the right at law is not clear, or the question of fact whether the proposed building is to be a public or private garage, for I find that the ordinance upon which the complainant's right to maintain this suit is predicated is without legal sanction and void. The power delegated to municipalities by the legislature is to fix zones within which certain supposedly obnoxious businesses are not to be carried on and buildings intended for these purposes are not to be erected, and the restrictions imposed are to be uniform and obligatory upon all persons and property alike throughout the zone. The ordinance, the basis of this suit, forbids infringement except, to use the language of the ordinance, "without a special permit to be granted only upon resolution of the board of trustees and after a hearing." The discretionary powers reserved to the trustees to give to one and withhold from another the privilege of violating the ordinance is not conferred by the act and is without legal force, and upon *certiorari* it would be declared without legislative authority and void.

The order to show cause is discharged and the bill dismissed.