BENJAMIN LIPKIN, PROSECUTOR-APPELLANT, v. VINCENT C. DUFFY, RECORDER OF THE RECORDER'S COURT OF THE CITY OF PATERSON, AND CITY OF PATERSON, DEFENDANTS-RESPONDENTS.

Argued October 25, 1937—Decided January 26, 1938.

For the prosecutor-appellant, *Mendelsohn & Mendelsohn.*

For the defendants-respondents, *Charles F. Lynch, Salvatore D. Viviano* and *Frederick C. Vonhof.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* allowed to review the conviction of the prosecutor-appellant for the violation of an ordinance of the city of Paterson prohibiting the maintenance of a junk yard without a license. It appears that the prosecutor was operating a junk yard which had been in operation by him since 1936 and by other persons, either members of his family or others, since 1891.

Prosecutor-appellant never applied for a license but preferred to permit the local authorities to prosecute him under the ordinance. This ordinance provides amongst other things that no person should operate a junk yard without a license and that no person or persons should be licensed unless citizens of the United States and residents of the city of Paterson for at least two years next preceding the filing of the application; further that notice should be given to all property owners within two hundred feet of the junk yard and that the application should be made in writing and the board of aldermen are then to fix a reasonable time for hearing. It further provides that "any application for a license may be declined and any license may be revoked for sufficient cause appearing to the board of aldermen for so doing."

The attack upon the ordinance in the Supreme Court and here is three-fold. Prosecutor-appellant claims it is invalid because (1) it reserves to the board of aldermen, in its administrative capacity, an absolute discretionary power to grant or refuse licenses to applicants without reference to any prescribed or duly enacted rules or regulations; (2) because there is no legislative authority for the enactment of such an ordinance; and (3) because it makes an unlawful and improper discrimination against persons not residents of Paterson, contrary to constitutional guarantees.

The Supreme Court does not appear to have passed upon any of these objections in terms other than the third one, as to which it said: "The ordinance is both unreasonable and discriminatory under our cases in so far as it excludes non-residents from license. *Westfield* v. *Stein,* 113 *N. J. L.* 1, and cases there cited." The court below then went on and dismissed the writ of *certiorari* in the following language: "But this does not avail the prosecutor to have the conviction set aside. His remedy was by *mandamus* to compel the consideration of his application for a license subject to the lawful features of the ordinance but without regard to the illegal provision of non-residence contained therein; and not to attempt to maintain a junk yard in violation of the valid

portions of the ordinance without the issue of any license whatever. *Fields* v. *Duffy,* 115 *N. J. L.* 319."

It is unquestionably well established that the clause discriminating against non-residents renders that provision invalid, and we concur in the holding of the Supreme Court to that effect. But it is also well settled that the provision vesting broad discretion in the board of aldermen to refuse a license whenever they deem it desirable likewise renders the ordinance invalid. This was settled in *South Orange* v. *Heller,* 92 *N. J. Eq.* 505, and in a number of cases in this state and other jurisdictions, including the Supreme Court of the United States. *Yick Wo* v. *Hopkins,* 118 *U. S.* 346; *In re Wo Lee,* 26 *Fed. Rep.* 471. In other words, the reservation of a discretionary power to grant or refuse is beyond the power of the municipal board. It may establish rules and regulations, but these must be uniform as to all persons.

The ordinance is, therefore, invalid in its material features and a conviction thereunder would be void. This in effect is held by the case of *Fields* v. *Duffy, supra,* on which the Supreme Court relied for the dismissal of this writ. In that case it was held that the ordinance was in violation of the statute with respect to the penalty imposed, and therefore the conviction could be set aside on *certiorari.*

In *Frank J. Durkin Lumber Co.* v. *Fitzsimmons,* 6 *N. J. Mis. R.* 1102, the Supreme Court on *certiorari* sustained the conviction of the lumber company for a violation of a zoning ordinance in that it used its property in a manner prohibited by the ordinance without obtaining a certificate of occupancy, as required by the ordinance. This court reversed the conviction (106 *N. J. L.* 183), and, speaking through Mr. Justice Case, said:

"It has long been proper practice for a party charged with violation of a municipal ordinance to object, in a penal action thereon, to the validity of the ordinance and in that mode place before the court the limited question whether the ordinance is not a nullity in that particular instance. It was so held by Chief Justice Beasley in *Pennsylvania Railroad Co.* v. *Jersey City,* 47 *Id.* 286. To the same effect are *Gaslight Co.*

v. *Rahway*, 58 *Id*. 410; *Hamble* v. *Asbury Park*, 61 *Id*. 502."

In *Schwarz Bros. Co.* v. *Board of Health*, 84 *N. J. L.* 735, this court said: "The ordinance being unreasonable in its application to the owners of dead animals which are not included in the above category, the remedy such owner is to resist its attempted enforcement against him. *Pennsylvania Railroad Co.* v. *Jersey City*, 18 *Vr.* 286; *Gaslight Co.* v. *Rahway*, 29 *Id.* 410."

Without determining whether prosecutor-appellant would be entitled to have his conviction set aside if the sole objection to the ordinance was the illegal discrimination against him as a non-resident of the city of Paterson, we hold that the ordinance is invalid in its material features because of the improper provision for granting or withholding a license, and for that reason, under the above cases, the conviction is invalid and may be attacked on *certiorari*. When such a situation is presented, it is proper practice to test the ordinance upon *certiorari* after conviction.

The judgment of the Supreme Court is reversed.

*For affirmance*—BODINE, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.