ANNY PRINZ, PROSECUTRIX, v. BOROUGH OF PARAMUS, IN THE COUNTY OF BERGEN, RESPONDENT.

Submitted October 5, 1937—Decided April 8, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutrix, *Insley, Decker & Cross* (*Hamilton Cross* and *William E. Decker,* of counsel).

For the respondent, *Charles Schmidt* (*Morris R. Kantoff,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The prosecutrix seems to have applied to the mayor and borough council of the borough of Paramus for the renewal of a license to keep and maintain a dog kennel for the breeding and sale of dogs, on certain premises leased by her in the borough, although her application is not reproduced before us nor are we otherwise informed as to its precise terms and contents.

The application was denied because the premises in and on which the proposed kennel was to be conducted did not comply with the regulatory provisions of section 10 of the ordinance of the borough passed May 13th, 1936, providing for the regulating and licensing of dog kennels, which declared, among other things, that "No dogs shall be kept, harbored, maintained, exhibited or displayed less than a distance of 100 feet of the adjoining premises or property line of adjoining premises, nor within a lesser distance than 100 feet from a public highway, street, thoroughfare, or public building."

The prosecutrix sued out this writ of *certiorari* and assigns several reasons *why the ordinance* above mentioned "should be set aside."

The first is that the borough was "without legal authority" to adopt the ordinance in question. We think it had such authority. The authority permitting the municipal corporation to pass an ordinance regulating dog kennels within its territorial limits is amply provided for in the New Jersey

Municipalities act. *Pamph. L.* 1917, *pp.* 319 *et seq.* Article 14, section 2 and article 15, section 1 (d), *Pamph. L.* 1918, *p.* 959. By virtue of the police power so granted the municipality may pass any reasonable regulation of any business the unrestrained pursuit of which might affect injuriously the public health or safety.

The remaining reasons, in so far as they are argued, seem to be founded upon the proposition that the provision of the ordinance in question is unreasonable. We do not so view it. In determining that question cognizance must be taken of the problem to be solved by the borough, which was to find some way in which the business of breeding, raising, keeping and exhibiting dogs could be carried on in the borough and still protect the public from the offensive propensities inherent in the business of operating such dog kennels. Here the problem is sought to be solved by requiring dog kennels to be at least one hundred feet from adjacent property and from public highways. That requirement was necessary in the judgment of the borough authorities to minimize the offensive character of the kennel business, and was reasonable, as the evidence in the case abundantly shows.

The mere fact that the plot of ground which the prosecutrix had selected for the kennel was not large enough to comply with the provision of the ordinance in question does not render the ordinance unreasonable.

Neither does the mere fact that before the passage of the ordinance the premises selected had theretofore been used for a kennel render the ordinance unreasonable.

With respect to the contention that there are other parts of the ordinance which may be invalid, it is sufficient to say that, if invalid, they furnish no reason for setting aside the ordinance *in toto* since they are clearly separable from the provision here in question upon which the borough acted in refusing the license. *Cliffside Park Realty Co.* v. *Cliffside,* 96 *N. J. L.* 278; *Neumann* v. *Hoboken,* 82 *Id.* 275; *Independent, &c., Co.* v. *Mayor, &c., Gloucester,* 102 *Id.* 502.

The writ will be dismissed, with costs.