RECORDER'S COURT OF THE CITY OF HOBOKEN.

THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, v. MARIE BAUER, JOHN MULLER, ANTHONY SANTENELLO, AND WALTER KAUGER, DEFENDANTS.

Argued October 1, 1947—Decided October 16, 1947.

For the complainant City of Hoboken, *Albert J. Shea.*

For the defendants, *Anthony P. LaPorta.*

McALEVY, RECORDER. These cases come before this court on the complaint of Arthur Marotta, a lieutenant of police of this city, for the alleged violation of the provisions of an ordinance which was regularly adopted by the Board of Commissioners of the Mayor and Council of the City of Hoboken on July 23d, 1940. The ordinance provides for the license, regulation and control of the use of merchandise vending appliances, musical instruments, appliances for entertainment, exercise of skill, and the like in hotels, taverns and other places of business.

Although there are only four cases submitted for prosecution at this time, there are some eighty-odd similar complaints against various other individuals pending in court. All these cases concern either the ownership or possession of bubble gum, peanut, weighing and cigarette machines together with an assortment of mechanical music players commonly refered to as "juke boxes" without the owners or possessors thereof having first obtained a license therefor in accordance with the provisions of said ordinance.

Counsel for the defendants has filed demurrers to these complaints, and in doing so states many reasons why the demurrers should be sustained, among them: (1) the ordinance is null and void because it fails to set forth a "norm" or standard, as the Board of Commissioners under the ordinance have unrestricted discretion or control over the issuance or non-issuance of said licenses and that it is therefore arbitrary, oppressive, illegal and unconstitutional and interferes with the business and lawful pursuit of the defendants in the operation of business. (2) Said ordinance unduly interferes with defendants' liberty to contract in violation of the Fourteenth Amendment of the Constitution of the United States; it is discriminatory and deprives the defendants of their liberty and property without due process of law.

It is contended by counsel for the city that an inferior court such as this lacks jurisdiction to pass upon the constitu-

tionality or unconstitutionality of an ordinance or statute unless it appears so "on its face" but he does contend that this court does have jurisdiction to declare the ordinance void if it is in violation of the Home Rule Act now known as section 40:49–5 of the Revised Statutes of New Jersey, *N. J. S. A.* 40:49–5.

In *Black's Constitutional Law* (3d ed.) (at *p.* 61), the learned author says:

"Thus a county court of a state may adjudge an act of the state legislature to be void for repugnance to the federal constitution; for the judge of that court is bound by his oath to support that constitution as the supreme law of the land."

At *p.* 60, the same author says:

"All courts have the right to judge the constitutionality of a statute."

The Recorder's Court is not a county court. It is municipal court and the subject-matter now pending before it concerns a municipal ordinance as distinguished from a state statute. As recorder, I took an oath to uphold the Constitution of the United States and the Constitution of the State of New Jersey. I, therefore, find that pursuant to that oath the Recorder's Court of the City of Hoboken has the authority to inquire into the constitutionality of the particular ordinance under consideration.

It is my ruling that the ordinance in question is void. It fails to set forth a "norm" or standard by which the City Commission should govern itself in the granting or rejection of applications for licenses. It is said by our Court of Errors and Appeals in *Lipkin* v. *Duffy,* 119 *N. J. L.* 366; 196 *Atl. Rep.* 434, in dealing with a conviction for violation of a city ordinance in operating a junk yard without a license:

"The ordinance in question is also unreasonable and invalid because of a reservation of discretionary power in the governing body to decline and revoke licenses for sufficient cause appearing to such body, without specifying uniform rules and regulations to apply to all applicants."

And in the case of *Phillips* v. *The Borough of East Paterson,* 134 *N. J. L.* 161; 46 *Atl. Rep.* (2d) 667, the Supreme Court said:

"* * * it has been settled in this state that an ordinance is invalid where it vests broad discretion in the mayor and council in granting or not granting a permit. See *Lipkin* v. *Duffy*, 119 *N. J. L.* 366; 196 *Atl. Rep.* 434; *South Orange* v. *Heller*, 92 *N. J. Eq.* 505; 113 *Atl. Rep.* 697."

In the case of *Phillips* v. *The Town of Belleville*, 135 *N. J. L.* 271; 52 *Atl. Rep.* (2d) 441, our Supreme Court said:

"An ordinance, however, which seeks to accomplish that result (to assume sole control of the erection of automobile service stations under its inherent police power) must lay down a sufficient norm or standard for the guidance of the municipal council upon which the granting or refusal of a requested permit may depend. * * * Omission of such standard renders the ordinance fatally defective and an invalid exercise of the general police power. * * * There is no such standard included in the ordinance concerned. As enacted, the Board of Commissioners may at will authorize or deny a request for the erection of gasoline stations. Such arbitrary exercise of the police power cannot be upheld."

In the case of *Keavey* v. *Randall*, 1 *N. J. Mis. R.* 311; 122 *Atl. Rep.* 379, our Supreme Court said:

"An ordinance which leaves it within the control of a municipal board to grant some permits and refuse others is invalid."

In dealing with the ordinance now under consideration, the Board of Commissioners of the Mayor and Council of the City of Hoboken has reserved unto itself unrestricted and absolute power to give or not to give a license at will. The ordinance is arbitrary, unlawful and void in that it contains no requirements as to the character of the place, the terms and conditions under which a license could be issued and the character of the applicants. There is no norm or standard set up by which an applicant would know whether or not he had met the requirements and was therefore entitled to a license. The businesses of the defendants are lawful enterprises and the Constitution of the United States guarantees to every individual the right to engage in any lawful pursuit. An ordinance such as the one under consideration which gives the Board of Commissioners unlimited jurisdiction and un-

restricted control over the issuance of licenses without any legal requirements does in effect deny to these defendants the right of their liberty without due process of law under the Fourteenth Amendment of the Constitution of the United States.

The defendant Bauer possesses a confectioner's retail business license issued by the city and now in force and effect and under that license is privileged to conduct what is commonly termed "a candy store business." It is my opinion that selling chewing gum is an integral part of that business. This defendant is now charged with ownership without a license of an automatic vending bubble gum machine which is in operation in her already licensed place of business. The alleged violation in her case is for a period of time between May 1st, 1947, and after September 1st, 1947—if she were to be adjudged guilty of said violation for that period of time, under the penalty provision of this ordinance she could be subjected to a fine in the approximate amount of $24,600, and failing to pay the fine she could be jailed for an approximate period of thirty years—all because she owned and possessed a penny bubble gum machine. Other defendants herein could meet a similar fate for maintaining penny weighing machines in their drug stores.

It is a certainty to me that this punishment would be in the nature of "an excessive fine and cruel and unusual punishment" in contravention of the Eighth Amendment of the United States Constitution and article 1, paragraph 15, of the Constitution of the State of New Jersey, N. J. S. A.

The demurrers are sustained and the defendants ordered immediately discharged from custody.