ABRAHAM ROSENBERG ET AL., TRADING AS NEW JERSEY BOTTLING CO., PROSECUTORS, v. BOARD OF COMMISSIONERS OF THE CITY OF CAMDEN, DEFENDANT.

Argued April 21, 1948—Decided August 6, 1948.

Before Justice DONGES.

For the prosecutors, *Meyer L. Sakin.*

For the defendant, *John J. Crean.*

DONGES, J. Prosecutors seek a writ of *certiorari* to review the action of the City of Camden in adopting an amendment to an ordinance, adopted March 15th, 1928, which amendment was adopted December 11th, 1947, effective January 1st, 1948, being "An ordinance to license and regulate wholesale bottling establishments, trades or businesses within the City of Camden, New Jersey, and to fix the fee to be paid for such licenses" and to prohibit all persons and places from being so used without a license, &c.

Prosecutors attack the ordinance on three grounds:

1. The ordinance is *ultra vires;*

2. The ordinance is unreasonable and arbitrary;

3. The ordinance is invalid by reason of vesting in the discretion of an official the right to approve or disapprove the granting of a license.

The question of the power of a municipality to adopt such ordinances has been fully determined in the cases of *Chaiet* v. *East Orange,* 136 *N. J. L.* 375, and *Ring* v. *North Arlington,* 136 *Id.* 494, and such right upheld.

The next point is that the vesting of absolute discretion in an official to approve or disapprove the granting of a license renders the ordinance invalid.

The amendment provides, section 2: "No such license shall be issued excepting after approval thereof shall have been given in writing by the Director of Public Safety and upon payment of the applicant of a fee of one hundred ($100.00) therefor."

In *Lipkin* v. *Duffy,* 119 *N. J. L.* 366, it was held, by the Court of Errors and Appeals, that it is "well settled that the provision vesting broad discretion in the board of aldermen to refuse a license whenever they deem it desirable likewise renders the ordinance invalid. This was settled in *South Orange* v. *Heller,* 92 *N. J. Eq.* 505, and in a number of cases in this state and other jurisdictions including the Supreme Court of the United States. *Yick Wo* v. *Hopkins,* 118 *U. S.* 346; *In re Wo Lee,* 26 *Fed. Rep.* 471. In other words, the reservation of a discretionary power to grant or refuse is beyond the power of the municipal board. It may establish rules and regulations, but these must be uniform as to all persons."

To the same effect are *Phillips* v. *East Paterson,* 134 *N. J. L.* 161, and *Phillips* v. *Belleville,* 135 *Id.* 271.

It is well settled that the municipal authority may regulate the operation of business such as is involved in the instant case, but an ordinance to accomplish such purpose must lay down a standard or norm for the guidance of the authority clothed with power to grant or withhold a license.

I conclude, therefore, that the second section of the amendment to the ordinance in question is invalid.

Counsel have stipulated that if a writ be granted, the cause shall be decided on its merits.

The writ is allowed, and the second section of the amendment adopted December 11th, 1947, is declared to be invalid.