SYDNEY G. STEIKER AND ISADORE STEIKER, PROSECUTORS-RESPONDENTS, v. BOROUGH OF EAST PATERSON ET AL., DEFENDANTS-APPELLANTS.

Submitted May 18, 1948—Decided September 3, 1948.

For the defendants-appellants, *R. Sery Nicosia* (*Dominick F. Puchella,* of counsel).

For the prosecutors-respondents, *Hein & Smith.*

The opinion of the court was delivered by

FREUND, J. This appeal is from a judgment, on *certiorari,* setting aside an ordinance of the Borough of East Paterson

"to license and regulate the business of selling or storing for sale any used or new motor vehicles on vacant lots."

The court below set aside the ordinance on the ground, *inter alia,* that "it is unreasonable, arbitrary and discriminatory. No license fee is imposed upon one who would sell used motor vehicles from a garage, yet one who sells them from a vacant lot must pay a license fee." We do not believe that the unreasonableness of the ordinance rests solely on such ground. The Supreme Court in two recent cases, *Chaiet* v. *East Orange,* 136 *N. J. L.* 375, and *Ring* v. *North Arlington,* 136 *Id.* 494, determined that a municipality may, pursuant to the authority granted by *R. S.* 40:52–1 and 2, adopt an ordinance providing for licensing and regulating the sale of used automobiles on vacant lots. As Mr. Justice Heher said in the latter case, "The ordinance constitutes the exercise of both the regulatory and revenue functions delegated by the statute cited *supra.* The statute empowers the municipality to levy license or privilege taxes or excises for revenue and also for regulation under the police power in the interest of the public health, safety and general welfare; but there cannot be an arbitrary exertion of the power." We adopt the views expressed in these opinions as declarative of the general power of municipalities to regulate the business of selling used cars from vacant lots.

However, this power of a municipality is always subject to the general qualification that the provision must not be unreasonable, arbitrary or discriminatory.

At the outset, we wish to dispose of the argument made in the brief of the appellants that the writ was improperly allowed because "there was no adverse action or proceeding against the prosecutors" and that "the ordinance * * * has never been enforced against the prosecutors, nor have they applied for any licenses." We do not find any merit in this argument. The court below pointed out "The right to institute the action was not challenged until oral argument on the writ. It is then too late to challenge the stand of the prosecutor." Moreover, the uncontradicted testimony indicates that the respondents are the only persons engaged in the business of selling used automobiles from

vacant lots within the Borough of East Paterson and, accordingly, are the only ones directly affected by the ordinance. A complete answer to the appellants' argument is found in the case of *Gurland v. Kearny*, 128 N. J. L. 22, in which the court said:

"Prosecutor here has a live, direct and substantial pecuniary interest in * * * the ordinance. It is an interest which is peculiar to him. It seriously affects his business.
* * *

"In that circumstance, it appears to us, and we so hold, that reason and justice utterly fail to support the general requirement that one, as prosecutor here, should first submit to a prosecution based upon an invalid but separable provision of an ordinance, and thus subject himself to the penalties for the violation thereof, to the waste of time and money incident to his defense thereto, and appeal therefrom, especially when, as here, the proofs stand unchallenged."

We now come to an examination of some of the provisions of the ordinance under attack.

Section 3 of the ordinance provides, *inter alia,* "nor shall said license be assignable or transferable in any manner." The ordinance in the Chaiet case provided that the license was not transferable or assignable, except with the consent of the City Council. There may be circumstances under which there could be no reasonable basis for denying a transfer or assignment, for example, in the case of the death of a licensee, or in case of a *bona fide* sale, or by operation of law. To absolutely preclude an assignment or transfer of a license "in any manner" as this ordinance provides seems unreasonable and arbitrary.

Section 5(d) of the ordinance contains the requirement that "* * * that portion of the area included in the license which fronts upon a public street shall be enclosed by a fence * * * which * * * shall be not less than four (4″) inches nor more than six (6″) inches in height of sturdy, permanent construction and meeting the approval of the Superintendent of Public Works. Such fence * * * shall be set back at least one (1′) foot from every property line on which the said tract may front." It will readily be seen

from reading the above provision that there is an inconsistency in that it first provides for a fence which shall enclose "that portion of the area * * * which fronts upon a public street" and later that "such fence * * * shall be set back * * * from every property line on which the said tract may front." A licensee would be unable to understand from such provision just where the fence is required. Further, as pointed out by Chief Justice Case in the Chaiet case, the purpose of a fence of reasonable height is apparent. There a fence not less than eighteen inches in height was required; here we can see no valid basis for such a limitation as six inches on the height of the fence, nor for the mandatory setback in all instances, imposed by this ordinance. Neither is any norm or standard provided under which the Superintendent of Public Works is to approve or disapprove any fence erected under the ordinance, its type of construction or material; he is the sole judge of acceptability. So broad a discretion is contrary to many decisions of this court. *Phillips* v. *East Paterson,* 134 *N. J. L.* 161; *affirmed,* 135 *Id.* 203; *Phillips* v. *Town of Belleville,* 135 *Id.* 271; *Finn* v. *Clifton,* 136 *Id.* 34.

Section 5(d) also provides "that where the street curb has not been lowered an entrance to the licensed premises through such fence * * * not exceeding four (4') feet in width shall be permitted." The proofs show that the average automobile is six feet in width, and a truck of greater width. So that should an applicant desire to locate his used car business on a lot where the curb had not been lowered, the only opening in the fence or enclosure permitted by the ordinance could not exceed four feet in width, which is less than the width of an automobile. Such a provision is ridiculous. Under such circumstances, no one could engage in the used car business from a vacant lot.

Section 7 of the ordinance provides:

"All licenses under this Ordinance shall at all times be subject to such reasonable rules as may be made by resolution from time to time by the Municipal Council of the Borough of East Paterson, New Jersey, for the proper operation and regulation of the places of business named in such license."

The appellant is authorized by *R. S.* 40:52–1, 2, *et seq.*, to license and regulate the respondents' business by ordinance. Any rules affecting licenses under the ordinance must themselves be adopted by ordinance, and not by resolution. *R. S.* 40:49–1, *et seq.* To adopt by resolution any rules which have for their purpose the enforcement of the ordinance in question would be invalid, as circumventing the statute. Nowhere in the statute is authority given to enforce an ordinance by rules adopted by resolution; such rules should be adopted with the same degree of solemnity as was the ordinance itself. *Lipkin* v. *Duffy*, 119 *N. J. L.* 366; *Phillips* v. *East Paterson, supra; Finn* v. *Clifton, supra; Phillips* v. *Town of Belleville, supra.*

Section 8 provides for an annual license fee of $500, which the respondents contend is unreasonable. It is, of course, true that a license fee must be reasonable. In the absence of proof, however, the presumption is in favor of its validity and reasonableness. The burden is upon the challenger to overcome that presumption. *American Grocery Co.* v. *Board of Commissioners of New Brunswick*, 124 *N. J. L.* 293; *affirmed*, 126 *Id.* 367; *Gurland* v. *Kearny, supra; Ring* v. *North Arlington, supra; Independent Warehouses, Inc.*, v. *Scheele*, 134 *Id.* 133; *affirmed*, 331 *U. S.* 70; 67 *S. Ct.* 1062; 91 *L. Ed.* 967. In the Chaiet case, the ordinance imposed a license fee of $300 if the area did not exceed 10,000 square feet, $500 if it exceeded that square footage. In the Ring case, a license fee of $250 was required for each separate and distinct location where the business was engaged. In this case, there is no proof to support respondents' contention. In the absence of proof, we cannot determine, and do not decide, that the annual license fee is unreasonable. We quote from the opinion of Mr. Justice Heher in the Ring case, where the rule is summarized as follows:

"The license tax exacted by the ordinance is not confiscatory on its face; and there is no showing that the enforcement of the ordinance would be confiscatory as to prosecutors, assuming that that would be a proper inquiry on the record made. The *quantum* of the tax rests in sound discretion, guided by reason; and judicial intervention is permissible

only where there has been an abuse of power. If the local legislative action is not clearly unreasonable or unduly oppressive or discriminatory, its policy is not a justiciable question."

Respondents' contention that the provision for a license fee is invalid on the ground that they are already required to pay a license fee to the Commissioner of Motor Vehicles of the State of New Jersey under *R. S.* 39:10–19 in order to engage in their business is without merit, having been raised and completely answered in the Ring and Chaiet cases.

As we have indicated, we concur with the court below in concluding that the provisions of the ordinance referred to are void, because they are unreasonable or arbitrary; but, since the court erred in setting aside the entire ordinance as an invalid exercise of power by the municipality, the judgment below is reversed.

*For affirmance*—THE CHANCELLOR, WACHENFELD, JJ. 2.

*For reversal*—THE CHIEF JUSTICE, DONGES, HEHER, COLIE, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.