26 N.J. Super. 409 (1953)
98 A.2d 326
TOWNSHIP OF RARITAN, PLAINTIFF-RESPONDENT,
v.
HUBB MOTORS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1953.
Decided June 29, 1953.
*410 Before Judges FREUND, STANTON and FRANCIS.
Mr. Arthur J. Sills argued the cause for the defendant-appellant (Messrs. Wilentz, Goldman, Spitzer & Sills, attorneys).
Mr. Thomas L. Hanson argued the cause for the plaintiff-respondent.
The opinion of the court was delivered by FREUND, S.J.A.D. (temporarily assigned).
The plaintiff, Township of Raritan, purported to regulate by a licensing ordinance the sale or exchange of automobiles on open lots. The defendant, Hubb Motors, Inc., failed to secure a license, was convicted of a violation of the ordinance, and now appeals.
The defendant argues that the ordinance gives unrestricted discretion to the Director of the Department of Public Safety to grant or deny an application for a license, since it provides no standards or rules and regulations for guidance in discretionary action. The pertinent provision of the ordinance, section 3(b), reads as follows:
"If no legal reasons appear why such license should not issue, and if the applicant shall have paid the license fee therefor, the Director of the Department of Public Safety shall issue such license under his hand and the seal of this Township, which license shall bear date the day of its issue and shall expire one year thereafter."
It is well settled that a municipality may regulate the operation of such a business as is involved in the instant matter. However, such power of a municipality is always subject to the provision that the ordinance must not be unreasonable, arbitrary or discriminatory, and must lay down a standard or norm for the guidance of the authority clothed with the power to grant or withhold a license. Rosenberg v. Camden, 137 N.J.L. 505 (Sup. Ct. 1948); Steiker v. East *411 Paterson, 137 N.J.L. 653 (E. & A. 1948). In order that an ordinance be not discriminatory, it must be uniform as to all persons; the discretion vested in the authority must not be absolute, but limited by regulations, and implemented by a norm or standard therein laid down for guidance in its application to all persons. Lipkin v. Duffy, 119 N.J.L. 366 (E. & A. 1937); Finn v. Clifton, 136 N.J.L. 34 (E. & A. 1946); Reid Development Corp. v. Parsippany-Troy Hills Twp., 10 N.J. 229, 236 (1952).
In the instant case, the phrase "legal reasons" without definition is meaningless, and renders the discretion granted the Director of the Department of Public Safety absolute, arbitrary and, it could be, discriminatory.
The respondent argues that section 3(a) of the ordinance provides regulations which properly limit the discretionary power of the Director, but a review of the section shows that it has to do merely with the form of application to be used; that, rather than laying down standards or norms, it seeks pro forma information as to the applicant  his name and address, description of the property, the number of square feet to be devoted to the business, the name of the owner of the lot, etc. The section ends with the following words: "* * * and such other matters as may be required by the Department of Public Safety." The ordinance might have specified the minimum number of square feet to be devoted to such a business  that would have been a norm. It might have provided minimum standards of safety, sanitation, fencing, character and credit of the applicant. However, it fails to lay down any standards in these respects, and, hence, the phrase "such other matters as may be required by the Department of Public Safety" blankets the whole with the absolute, arbitrary and discriminatory discretion prohibited by the authorities and decisions in this jurisdiction.
The ordinance in question lacking any standard for the issuance of a license, the judgment of conviction of its violation is set aside.