34 N.J. Super. 273 (1955)
112 A.2d 18
CITY OF SEA ISLE CITY, PLAINTIFF,
v.
ANTHONY VINCI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Cape May County Court, Law Division.
Decided February 18, 1955.
*274 Mr. John E. Boswell, attorney for plaintiff.
Mr. Herbert F. Campbell, attorney for defendant-appellant.
TENENBAUM, J.C.C.
The defendant appeals de novo from convictions before the Municipal Magistrate of Sea Isle City for the violation of the Zoning Ordinance No. 213, and for failing to obtain a building permit in violation of Ordinance No. 195.
The pertinent portion of Ordinance No. 213, which is known as the "Building Code," ordains:

"Application for Permit  Sec. 6.
(a) No person shall erect or construct or proceed with the erection or construction of any building or structure, nor add to, enlarge, alter, repair, move, convert, extend or demolish any building or structure covered by this code, or cause the same to be done, without first obtaining a building permit therefor from the Building Inspector, the fees for which shall be set by a resolution of the Board of Commissioners."
Admittedly there was issued by the Building Inspector of Sea Isle City to the defendant on July 13, 1953, a building permit to "Construct a garage to conform with Building Code and Zoning Ordinance."
*275 The ordinance makes no mention of the period for which building permits are to exist, although the permit bears the printed legend:
"This permit shall remain in force for a period of ____ months, and shall be rescinded and considered as void as to the continuation of work of further erection of said building by the violation of the terms and conditions of the ordinance relating to buildings in the City of Sea Isle City, N.J."
There was inserted in the blank space by the building inspector the words "6 Months."
The defendant undertook the construction of the garage; as to just when he commenced the work is established by the defendant's proof to be the last week of July or early August, 1953. The plaintiff's proof is too uncertain to have any probative value, however, it would appear that the project was not concluded within six months.
If the municipality attempted to vest in the building inspector the arbitrary authority to fix the life of the permit, it lacked the right so to do, or if the building inspector usurped such authority, he was without power or warrant.
Ordinances to be valid and effectual must set forth with clarity some norm or standard by which all persons may know their rights and obligations thereunder. Rosenberg v. Board of Commissioners of City of Camden, 137 N.J.L. 505, 60 A.2d 617 (Sup. Ct. 1948); P.J. Ritter Co. v. Mayor of City of Bridgeton, 135 N.J.L. 22, 50 A.2d 1 (Sup. Ct. 1946), affirmed 137 N.J.L. 279 (E. & A. 1948); Finn v. Municipal Council of City of Clifton, 136 N.J.L. 34, 53 A.2d 790 (E. & A. 1946); Steiker v. Borough of East Paterson, 137 N.J.L. 653, 61 A.2d 215 (E. & A. 1948); Raritan Township v. Hubb Motors, Inc., 26 N.J. Super. 409, 98 A.2d 326 (App. Div. 1953).
The municipality could not delegate the authority to the building inspector to arbitrarily fix the life of a building permit.
*276 16 C.J.S., Constitutional Law, § 133, page 337, holds:
"Except where expressly directed or permitted by the constitution, it is a doctrine well established and frequently reiterated by the courts that the functions of the legislature, strictly and exclusively legislative, such as making the law, must be exercised by it alone and cannot be delegated. Thus the legislature cannot delegate its power to * * * to make laws for the general welfare * * * to create or define offenses and prescribe the punishment thereof, or any other fundamental or basic power."
In Thurlow Medical Co. v. City of Salem, 67 N.J.L. 111, 50 A. 475 (Sup. Ct. 1901), an ordinance was under consideration which provided licensing certain enterprises, and designated the mayor, or in his absence the city recorder, as the issuing authority upon the payment by the applicant of a sum not more than $50 to be fixed by the mayor, or in his absence, the city recorder. Mr. Justice Fort, speaking for the Supreme Court, said that the "City Council cannot vest its discretion to fix license fees in some city official."
Adopting the same logic, the municipality cannot vest in the building inspector the right to determine the period of survival of a building permit.
The defendant did not violate the said ordinance, and I therefore find him not guilty.
Now as to Ordinance No. 195, the portion thereof which is involved in this controversy is:

Section 4. Sub-section (d):

"Nothing herein, however, shall * * * prevent the construction of a garage as a structural part of a dwelling, provided the outer walls of the garage are taken as the main walls of the building when measuring the front, side and rear yards required under Paragraph (b) of this Section * * *."

Section 4. Sub-section (b)  Side Yards:

"There shall be two side yards, with a total width of not less than 18 feet * * *. In every case, the width of the narrowest inside yard shall be not less than 5 feet wide."
Mr. Vinci seeks vindication on two grounds: (1) the placement of the garage is in conformity with the ordinance; *277 (2) if there be variation in side yard distances, the municipality is estopped from strict enforcement of the law as there were submitted drawings and locations of the proposed garage, for which a building permit issued and money was expended in the construction thereof.
I have no hesitancy in determining that the garage in its present location does violence to the quoted portion of the ordinance under attack, and in this connection the plaintiff has sustained the burden imposed upon it by law.
May the defendant escape compliance because he holds a permit and has expended construction money? I think not.
Judge Francis expressed the views of the Appellate Division of the Superior Court wherein a building inspector had issued a permit to construct a three-car garage, which enlarged a non-conforming use, and the owner had expended money in the progress of the work, that the permit was nonetheless void and the expenditure of money did not validate it. Adler v. Department of Parks and Public Property, Town of Irvington, 20 N.J. Super. 240, 89 A.2d 704 (App. Div. 1952), which was followed in Rockleigh Borough, Bergen County, v. Astral Industries, 29 N.J. Super. 154, 102 A.2d 84 (App. Div. 1953), notwithstanding a very large amount of money was expended in the erection of a water tower for which the owner held a building permit.
I find the defendant guilty of violating section 4, subsections (b) and (d) of Ordinance No. 195, and impose a fine of $25 and $5 costs.