53 N.J. Super. 500 (1959)
147 A.2d 604
ROBERT MASON, SIDNEY GLATTER, AND ALICE CLARKE, PLAINTIFFS,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF HILLSDALE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 6, 1959.
*501 Messrs. Ferrera, Guez & Dailey, attorneys for the plaintiff.
Mr. Walter T. Wittman, attorney for the defendant.
SCHNEIDER, J.C.C.
A motion for summary judgment was brought by defendant to strike the complaint of the plaintiffs. Plaintiffs had filed an action in lieu of prerogative writs attacking a certain ordinance enacted by the Borough of Hillsdale in Bergen County, New Jersey, which ordinance provided for the enclosure of swimming pools in the borough.
The plaintiffs are residential property owners in the community, each having a swimming pool on the premises. The ordinance in question (No. 58-6) became effective on May 29, 1958. Plaintiffs contend that the ordinance is invalid and unconstitutional and asked that it be declared to be so and its enforcement enjoined.
The plaintiffs make three contentions: (1) That the municipality does not have the power to regulate private swimming pools; (2) that the requirements of the ordinance are vague, indefinite and improper and do not set *502 forth sufficient standards to guide a property owner in what his duty might be under the ordinance; (3) that the ordinance is unreasonable as it applies to these plaintiffs.
Plaintiffs made a motion for summary judgment which was denied. The matter came on for pretrial and since there were a number of legal questions involved, the court ordered defendant to move for summary judgment so that legal questions might be concluded, leaving only factual questions for trial, if a trial were found to be necessary.
The ordinance requires that swimming pools be enclosed. A swimming pool is defined as any body of water, artificially constructed in whole or in part, and more than 18 inches in depth at any point below ground level or area around the pool, and located out of doors within 250 feet of any abutting property or street line. The required fence had to be not less than four feet nor more than 10 feet in height, and so constructed as entirely to enclose the area on which the swimming pool is located and to bar all reasonable and normal access to the pool except through a substantial self-closing gate or gates the same height as the fence, with facilities for locking the gates.
No person is to construct or maintain any pool without the erection of the fence. Thus, it applies to pools to be constructed and also existing pools. People with existing pools were given 60 days to conform. The gates were required to be locked when the pool was not in use.
One of the plaintiffs has a three-foot fence around his pool. Another has a pool 125 feet from the nearest street. He contends the fence would alter the appearance of his property. The third has evergreens over six feet high along the pool, and trees border the road. There is a 200-foot in depth wooded area to the rear of the pool.
(1) Municipalities do have authority to regulate swimming pools and may enact ordinances for that purpose. Plaintiffs contend this is a zoning ordinance. The court does not find any indication that this ordinance is a zoning regulation. It is an attempt to regulate swimming pools under both express and implied powers, under the police *503 power to regulate an existing situation. Thus the fact that the swimming pools existed before the ordinance cannot create a non-conforming use under zoning. There is no attempt in this ordinance to determine where swimming pools may be placed in the community, but the obvious purpose is to fence these pools and those to be constructed, to keep children from being hurt by going into the pools. There may even be some thought of protection to adjoining owners.
Subsection 9 of N.J.S.A. 40:48-1 permits a municipality to regulate by ordinance "swimming or bathing in the waters of, in or bounding the municipality * * *." N.J.S.A. 40:48-2 permits any municipality to make and enforce ordinances deemed necessary for the good government order and protection of persons and property and for the preservation of the public health, safety and welfare of the municipality and its inhabitants.
To say that the express power extends only to regulating public swimming pools, and therefore does not permit regulation of private swimming pools, is incorrect. We have gone a long distance from early conceptions of permissible regulation. The New Jersey Constitution, Art. IV, Sec. VII, par. 11, provides that any law concerning municipal corporations shall be liberally construed in favor of the municipality and it shall have powers not only granted in express terms but also those of necessary or fair implication or incident to express powers or essential thereto.
In the last few years there has developed a tremendous number of private pools in our counties. They are no longer placed on large estates but on very small properties. They require regulation from a health standpoint, requiring the testing of water and disposal requirements. They present problems of annoyance to neighbors surrounding the pools. They present a danger to children in fencing and supervision.
Our courts have permitted regulation of soil removal, Fred v. Mayor and Council of Old Tappan, 10 N.J. 515 (1952); setback regulations for dog kennels, Prinz v. Borough of Paramus, 120 N.J.L. 72 (Sup. Ct. 1938), *504 affirmed 121 N.J.L. 585 (E. & A. 1939); and an ordinance to tax trailer camps was sustained, Edwards v. Mayor, etc., of Moonachie, 3 N.J. 17, 26 (1949), which also set forth the very well known rule that there is a presumption in favor of the validity of an ordinance and that the burden of showing to the contrary rests upon those who attack it.
A municipality may exercise police power before harm has befallen. City of Newark v. Charles Realty Co., 17 N.J. Super. 351 (Cty. Ct. 1952). A municipality has the authority to impose limitations upon the use and enjoyment of private property under its inherent police power to promote the safety, health, morals and general welfare of the community. Devine v. Mantua Tp., 28 N.J. Super. 299 (Super. Ct. 1953).
Our courts have sustained ordinances regulating minimum living floor space requirements for dwellings, Lionshead Lake, Inc. v. Wayne Township, 10 N.J. 165 (1952), and have permitted regulations of billboards, United Advertising v. Borough of Raritan, 11 N.J. 144 (1952).
"The State, and municipalities by delegation within the limits of the state statute, have power in the interests of the common good to enact all manner of laws reasonably designed for the protection of public health, welfare, safety and morals, and although the exercise of such power may cause individual hardship or even limit the freedom of individual action, this does not nullify the law so long as there is some degree of reasonable necessity to protect the legitimate interests of the public and the regulation resulting from the use of the power is not arbitrary or oppressive. The greater good for the greater number of people must prevail and individual inconveniences, if suffered, are the price paid for living in a well-ordered society." Town of West Orange v. Jordan Corp., 52 N.J. Super. 533, 545 (Cty. Ct. 1958).
In the light of the above, there is no question in the mind of the court that a municipality may enact proper and reasonable ordinances to regulate swimming pools.
(2) In their third point, plaintiffs contend the ordinance is unreasonable as to these particular defendants. One of the property owners shows there is a fence of shrubbery around his pool. Another shows a three-foot fence in existence. *505 These raise a question of fact which would have to be determined at a trial, and defendant's motion would have to be denied and a trial had as to these matters.
(3) This leaves only the question as to whether the requirements of the ordinance are on their face unreasonable. Plaintiffs contend that there cannot be an unreasonable and oppressive curtailment of personal or property rights. They claim that it is unreasonable and unnecessary to provide for the fencing of a pool 18 inches in depth, or property of 200 feet from a road to other property, This would require a four- to ten-foot fence around an 18-inch wading pool.
Plaintiffs also object to the physical requirements, since the type of fencing is not specified; nor does the ordinance specify the area to be fenced. The lock is not specified.
Plaintiffs cite the case of Steiker v. Borough of East Paterson, 137 N.J.L. 653 (E. & A. 1948), contending the ordinance concerning fences was declared void because of a lack of standard. In that case the court said that "a licensee would be unable to understand from such provision just where the fence is required."
Defendant points out that out of 48 swimming pools in Hillsdale, 30 have fenced their pools, and that the four-foot height is a national standard. It also contends that the ordinance is not unreasonable since it leaves to the owner the choice of material best fitted to the property from an aesthetic and practical view. It also requires a lock, without setting an arbitrary standard. It further points out that it is not for the court to fix standards, and as long as the requirements are reasonable and not oppressive, the legislative function should remain with the municipality. It contends that the ordinance is not arbitrary or illusory.
The Steiker case, above, quoted by plaintiffs, presents a considerably different situation than the facts of this case. The court in that case pointed out that there was an inconsistency in the ordinance because the first part provided for fencing that portion of the area fronting on the public street and later provided that the fence should be set back. *506 This was an ordinance regulating automobile lots and provided for a fence four to six inches in height, and there seemed to be no reason for such a low fence. In addition, the chief fault was the ordinance contained a delegation of power to the superintendent of public works, who was to approve the fence. The court considered the ordinance invalid because there were no standards for this official to go by, as he would not understand from the ordinance where the fence was to go and there was no basis existing for a limit of six inches in height or for a mandatory setback.
In this case the ordinance permits the homeowner to erect any kind of fence at any place, provided it was between four and ten feet in height and had a gate with a lock. While it is quite indefinite, it appears to be sufficient.
However, both sides should have an opportunity to present such expert and other testimony as to the standards required under the ordinance before a final decision is made. The matter will therefore be set down for immediate pretrial.