FRANK SCHAIT, RELATOR, v. WILLIAM H. SENIOR, BUILDING INSPECTOR OF THE TOWN OF MONTCLAIR, ET AL., RESPONDENTS.

Submitted March 23, 1922—Decided June 19, 1922.

1. The Home Rule act of 1917 (*Pamph. L., p.* 319), as supplemented by chapter 240 of laws of 1920 (*Pamph. L., p.* 455), authorizes a town, in the exercise of its police power, to enact a zoning ordinance to promote the public health, safety and general welfare, and, in that respect and to that extent, is constitutional.
2. An ordinance of a town prohibiting the erection of a garage or group of garages for more than five motor vehicles, on any lot situated within a radius of two hundred feet of or within any portion of a street between two intersecting streets in which portion there exists a public library or a church, is a reasonable regulation touching public health, safety and general welfare, and is within the scope of the police power of the town, and is consequently valid.
3. Where the portion of an ordinance which is invalid is distinctly separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected and the remainder may stand as valid and operative.

---

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the relator, *Thomas Brunetto.*

For the respondents, *Walter E. Marsden* and *Theodore J. Badgley.*

The opinion of the court was delivered by

TRENCHARD, J.   This is a rule to show cause why a *mandamus* should not issue commanding the building inspector of the town of Montclair, and the town of Montclair, or either of them, to issue a permit to the relator to erect a garage on a lot owned by him.

The building inspector refused the permit for the reason that the building in question was prohibited by section 14 of the Montclair zoning ordinance approved May 19th, 1921.

We are of the opinion that such refusal was right.

The relator contends that the Home Rule act of 1917 (*Pamph. L., p.* 319), as supplemented by chapter 240 of laws of 1920 (*Pamph. L., p.* 455), pursuant to which the ordinance was avowedly enacted, is unconstitutional as depriving the relator of his property without compensation. To this, it is sufficient for present purposes to say that the act authorizes a town, in the exercise of its police power, to enact a zoning ordinance to promote the public health, safety and general welfare, and in that respect and to that extent, is constitutional.   *Cliffside Park Realty Co.* v. *Cliffside Park,* 96 *N. J. L.* 278.

It is next said that section 14 of the zoning ordinance in question, which in effect prohibited the relator's building, goes beyond the power conferred by the statute.

We think it does not.

Section 14 reads:

"Section XIV. Special Regulations Relative to Garages and Service Stations.

"Under no circumstances shall a permit be issued, for the erection or enlargement of a garage for more than five motor vehicles, a group of garages for more than five motor vehicles, or for a motor vehicle service station or for the conversion of any premises not so used to be used for such purposes, in any zone, whether it be a business zone or an industrial zone, if any part of the lot or plot in question is situated within a radius of two hundred feet of or within any portion of a street between two intersecting streets in which portion there exists:

"1. A public school;

"2. A duly organized school, other than a public school, conducted for children under sixteen years of age and giving regular instruction at least five days a week for eight or more months a year;

"3. A hospital, maintained as a charitable institution;

"4. A church;

"5. A theatre containing at least 300 scats;

"6. A public library; or

"7. A public art museum."

The relator's application was for a permit to erect on his lot on Bellevue avenue a building to be divided by partitions into twelve individual garages each designed for one automobile. The lot upon which it was to be erected was less than two hundred feet from a church, and also was within that portion of Bellevue avenue between two intersecting streets upon which there is a public library. The provision of the ordinance prohibiting the granting of the permit in such circumstances is a reasonable regulation touching public health, safety and general welfare, and is within the scope of the police power of the town, and is consequently valid. *Ninth Street Improvement Co.* v. *Ocean City,* 90 *N. J. L.* 106; *affirmed,* 91 *Id.* 703. It is not designed for æsthetic purposes. It is a designation of the "uses for which certain buildings may not be erected," giving reasonable consideration "to the character of the district," and the necessities of the public safety and welfare. It is a reasonable regulation of the size and location of garages, in view of their obvious and recognized possibilities for incidental dangers, if unreasonably large and unduly near churches, public libraries, or the like, where large bodies of citizens habitually congregate.

The relator insists, however, that the ordinance in question is invalid because section 15 thereof which provides for a board of zoning appeals (apparently in pursuance of the powers supposed to be conferred by section 1 (*c*) of chapter 82 of the laws of 1921, *Pamph. L., p.* 132), is invalid as

authorizing arbitrary discrimination in the enforcement of the ordinance.

But there is no merit in that contention. The invalidity of section 15, if invalid (which we do not decide), does not render section 14 void. The action taken in the present case does not depend at all upon the provisions of section 15 which are separable from the remaining portions of the ordinance. And the rule is well settled that where (as here) the portion of an ordinance which is invalid is distinctly separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected and the remainder may stand as valid and operative. *Cliffside Park Realty Co.* v. *Cliffside Park*, *supra*; *Romar Realty Co.* v. *Board of Commissioners of Haddonfield*, 96 N. J. L. 117.

In this connection we point out that section 15 of the ordinance by its terms does not purport to confer jurisdiction upon the board of zoning appeals in respect to permits for buildings of the character sought by the relator on a lot situated as the one in question.

These observations in effect dispose of every question argued.

The application for the writ of *mandamus* will be denied and the rule discharged, with costs.