THE STATE, EX REL. JOSEPH EGGIE, RELATOR, v. THE BOARD OF COMMISSIONERS OF THE BOROUGH OF AUDUBON ET AL., RESPONDENTS.

Argued October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *Oscar B. Redrow.*

For the respondent, *R. Wayne Kraft.*

PER CURIAM.

The present proceeding is an application for a writ of *mandamus* to compel the issuance of a building permit for the erection of a building to be used in connection with a gasoline or service station on the White Horse Pike, one hundred and twenty-five feet north of King's Highway, in the borough of Audubon.

The material facts are not seriously disputed and are as follows:

For nearly two years the relator has conducted a gasoline station on the premises in question and has used a building on the adjoining lot for business purposes in connection with the gasoline or service station. The automobile service station as proposed would be erected about one hundred feet from the new Central Theatre, which has a seating capacity of one thousand two hundred and forty persons. When the theatre was constructed there were also constructed several store buildings immediately adjoining the theatre, two of which were immediately used for garage and service stations and have since continued in that service. Across the street there was a garage constructed for some years before the erection of the theatre.

Shortly after the adoption of the ordinance in question a permit was issued for the erection of an apartment house and garage within the prohibited area.

On March 25th, 1924, several years after the erection of the theatre and store buildings, the borough of Audubon adopted a zoning ordinance which, among other things, provided that no garage or service station should be erected within two hundred feet of a theatre, school, church, hospital, library or public museum.

It is the relator's contention that the denial of the building permit to him under these circumstances is not a proper exercise of the police power.

It is manifest that similar ordinances have been upheld as proper regulations under the general police power conferred upon municipalities. The police power, it has often been said, is indefinable and depends upon the circumstances con-

cerning health, life and public comfort in any community. The cases throughout the states and in the United States courts are numerous upon this subject, and nothing can be gained for present purposes by referring to them specifically. *Cooley Const. Lim.* 830.

The cases cited upon the brief for the respondent in support of this contention are among the most recent expositions of the law in this state upon that subject. *Schait* v. *Senior,* 117 *Atl. Rep.* 517; *Johnston* v. *Hague,* 136 *Id.* 407; *Savitz-Denbigh Co.* v. *Bigelow,* 134 *Id.* 557; *Koplin* v. *South Orange,* 6 *N. J. Mis. R.* 489, especially the latter case which it seems to us is dispositive of the question here presented.

The mere fact that a permit was inadvertently issued shortly after the passage of the ordinance presents no valid reason why this court should issue an order and by *mandamus* compel the issuance of a permit to the relator in manifest violation of the provisions of the ordinance. A writ of this character in any event is within the sound discretion of the court, and will not be ordered where its purpose will result in a clear violation of the local ordinance, when the same is otherwise valid; nor will it be ordered to compel officials to perform a duty which is essentially vested by law, under all the circumstances of the case, in their sound discretion, and which is reasonably supported by the testimony. *High Extr. Rem.* 47; *State* v. *Newark,* 35 *N. J. L.* 396; *Secaucus* v. *Kiesewetter,* 83 *Id.* 227.

The result is that the application for the writ will be denied.