GEORGE ROICH, RELATOR, v. THE BOARD OF COMMISSIONERS OF THE CITY OF UNION CITY AND THE BOARD OF HEALTH OF THE CITY OF UNION CITY, RESPONDENTS.

Submitted May 12, 1933—Decided August 29, 1933.

Before Justices CASE, BODINE and DONGES.

For the relator, *Nicholas McLaughlin, Jr.*

For the respondents, *James C. Agnew.*

PER CURIAM.

Relator seeks *mandamus* to compel the issuance of a license and permit to operate a live poultry market in premises owned by him in Union City.

The health ordinance vests the health officer with discretion in granting a permit. Section 9, ordinance of July 30th, 1928. Without such permit no license can be granted.

Live poultry markets are not favorably regarded by the health officer of Union City because of the stench and vermin incident thereto. No licenses, save renewals, have been granted since the adoption some years ago of commission government.

There is nothing in the record to indicate that the license and permit were in effect granted. In fact, everything of record indicates that the authorities continuously refused like applications. A short time before another application for the property was denied. We are not confronted with the situation existing in *Garber* v. *Board of Health of Paterson,* 4 *N. J. Mis. R.* 83; 131 *Atl. Rep.* 638, but rather the situation in *Doben* v. *Board of Health of Paterson,* 3 *N. J. Mis. R.* 38; 127 *Atl. Rep.* 38, where the writ was denied because the board of health was vested with a discretion.

It seems that the board of commissioners may very well refuse to issue new permits for what they believe to be an unnecessary and an unsanitary business. Because there are some poultry markets which have been conducted for a long time, is no reason for the allowance of others, even though the effect of the action may be that fewer persons may engage in the business.

As before indicated, the granting of the permit and license

rests in the sound discretion of the health officer and the board of commissioners and there is nothing in the record to indicate that they have abused that discretion.

The rule will be discharged.