THE PROVIDENT INSTITUTION FOR SAVINGS, RELATOR,
v. JOHN D. CASTLES, BUILDING INSPECTOR, ET AL.,
RESPONDENTS.

Submitted May 12, 1933—Decided September 15, 1933.

Before Justices Case, Bodine and Donges.

For the relator, *Thomas McNulty.*

For the respondents, *Arthur B. Archibald.*

Per Curiam.

This is an application for a writ of *mandamus* to compel
the issuance of a permit by the building inspector of the
town of Kearny for the repair of a store building in that
municipality. The building has been in existence for a num-
ber of years and is at present, as shown by the photographs,
in such a condition of disrepair that it may not be used.
The evidence is to the effect that the permit was refused
solely upon the ground that the district in which the build-
ing is located is now a residence zone. The desire of the
relator was to put the building in such condition that it
might be rented for use as a store. No radical changes or
alterations in the building were contemplated.

In *Durkin Lumber Co.* v. *Fitzimmons,* 106 *N. J. L.* 183;
147 *Atl. Rep.* 555, it was held that a non-conforming use in-
stituted prior to the passage of the constitutional amendment
permitting zoning, which has been actively and constantly

maintained, is entitled to be continued. . In the instant case, the building has not always been occupied but it had always existed as a store property.

The enabling act, chapter 274, laws of 1928, provides that any non-conforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied, and any such structure may be restored or repaired in the event of partial destruction thereof. The evidence, particularly the photographs, indicates a partial destruction such as to make the building in its present condition unfit for the non-conforming use to which it was devoted at the passage of the zoning ordinance.

We are of the opinion that the relator was entitled to put the building in condition for the previously existing nonconforming use.

It is urged that the refusal of the permit was justified because of failure to file a proper plan. But there was testimony that a plan was tendered, and the defendant admitted in his testimony that no plan was usually required for repairs of this kind.

It is also argued that relator should first have appealed to the board of adjustment and is not entitled to *mandamus* without having first taken such an appeal. That is the ordinary course, but it is not necessary where the facts and the right are clear. *Conaway* v. *Atlantic City,* 107 *N. J. L.* 407; 154 *Atl. Rep.* 6.

The facts are all fully presented and the right of the relator is clear. A peremptory writ will be allowed.