WILLIAM K. CAMPBELL AND JOSEPH P. RYNO, PROSECUTORS, v. BOARD OF ADJUSTMENT OF THE BOROUGH OF SOUTH PLAINFIELD, GEORGE MARCOTTE, BUILDING INSPECTOR, AND THE COMMON COUNCIL OF THE BOROUGH OF SOUTH PLAINFIELD, RESPONDENTS.

Submitted January 19, 1937—Decided April 27, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutors, *Edmund A. Hayes*.

For the respondents, *John J. Rafferty*.

LLOYD, J. This is a zoning case in which the prosecutor was denied a certificate of occupancy to carry on a gasoline and service station in South Plainfield. A zoning ordinance was adopted in March, 1932, and the prosecutor's property was placed in a residential zone. At that time he was conducting the gas station and roadstand in a frame building erected in 1931, and was given a non-conforming certificate. This use he continued until November. In May, 1933, the premises were leased to another who carried on the same business until October, 1933, when the prosecutor resumed the business for a month. Since that time the property has remained idle due to the inability of the prosecutor to obtain a tenant.

The act of 1928, page 703, provides in section 11, that "any non-conforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied, and any such structure may be restored or repaired in the event of partial destruction thereof."

We think the prosecutors were entitled to their certificate. The statute preserves such rights of use as they existed at the time of the adoption of the ordinance. There was certainly a non-conforming use at that time in this case and the property had at no time been changed to a conforming use. The prosecutors testified that an intended non-conforming use was never abandoned and certainly the inability to get a tenant or temporary inability to carry on the business can hardly be said to change its character.

The facts are much like those in *Provident Institutions* v. *Castles*, 11 *N. J. Mis. R.* 773; 168 *Atl. Rep.* 169.

Prosecutors' application should have been granted and if necessary *mandamus* may be applied for and allowed to the end that their rights may be obtained. The decision and order, however, are set aside, with costs.