LOUIS KURINSKY, PROSECUTOR, v. BOARD OF HEALTH OF THE TOWNSHIP OF LAKEWOOD, NEW JERSEY, WILLIAM THOMAS, DR. RAYMOND A. TAYLOR, ALBERT HOLMAN, WILLIAM SCHAUFFLER, WILLIAM CURTIS, EDWARD WOEHR, MEMBERS, AND GRACE E. MARGERUM, SUPERVISOR OF HEALTH AND CLERK OF THE BOARD, DEFENDANTS.

Argued January 21, 1942—Decided March 2, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Milton R. Konvitz* (*Robert I. Morris,* of counsel).

For the defendants, *Milton Miller.*

The opinion of the court was delivered by

PORTER, J. This writ brings before us for review the action, orders and resolutions of the Board of Health of the Township of Lakewood (hereinafter called Lakewood) in cancelling a poultry slaughtering permit theretofore issued to prosecutor and the ordinance of the said board known as

section 92 of the Sanitary Code. This ordinance was adopted January 27th, 1930. Section 92 reads as follows:

"No person, or persons, corporation, or corporations, shall slaughter and kill any cattle, any chickens, ducks, geese, pigeons, and any other domestic fowl, except for domestic or family use, and not for hotel or commercial use, within the limits of the Town, unless a permit is first had and obtained from the Board."

It appears that the prosecutor has been engaged in the poultry business at premises owned by him at 431 Clifton Avenue, Lakewood, for about seventeen years. Having been advised that he was violating the ordinance in slaughtering poultry without a permit he applied for one and obtained it under date of January 12th, 1933. Before it was issued he was required to make, and did make, certain structural changes in his premises to comply with the instructions of the Board of Health as to proper sanitary practice. The permit was issued for a period of one month and was renewed from month to month until September 1st, 1941, when further renewal was denied after due notice of the contemplated action had been given. These renewals were not continuous. The record is not clear as to exactly what interruptions there were but it appears that there were at least two periods when the renewals were denied, once for about six months and another for about four months, apparently due to his failure to comply with the sanitary requirements. In addition to section 92 of the ordinance above quoted it appears that other and more detailed rules and regulations concerning the slaughtering and housing of poultry were adopted by the Board of Health on January 13th, 1932, of which prosecutor was fully informed from time to time especially when inspections of his premises were made by both local and State Department of Health officials.

The proofs abundantly support the action of the respondent Board of Health in cancelling prosecutor's permit to slaughter poultry because of his failure to observe the provisions of the ordinance and its rules and regulations.

Local boards of health are given wide powers to safeguard the public health generally and among other things spe-

cifically authorized to regulate, control or prohibit the keeping or slaughtering of animals. *N. J. S. A.* 26:3-31. The licensing of poultry markets and slaughter houses rests in the sound discretion of the boards of health. Compare *Garber* v. *Board of Health of Paterson*, 4 *N. J. Mis. R.* 83; *Doben* v. *Board of Health of Paterson*, 3 *Id.* 38; *Roich* v. *Board of Commissioners of Union City*, 168 *Atl. Rep.* 165; *Feld* v. *Board of Health of Passaic*, 86 *N. J. L.* 95. We find that there was no abuse of sound discretion in the case at bar.

The action of a board of health in adopting measures for public protection will not be set aside by the court, where the board has acted reasonably upon evidence which might satisfy a reasonable man. *Bordens Condensed Milk Co.* v. *Board of Health of Montclair*, 81 *N. J. L.* 218. Tested by that rule, we are satisfied that the action complained of was reasonable under the facts, that it was not arbitrary nor capricious but on the contrary was fully justified.

Prosecutor argues that section 92 of the ordinance, *supra*, is illegal and void because it does not set up a standard by which the board may be governed in passing upon applications for permits and further that its action in refusing a permit is illegal being an unlawful restriction of prosecutor in the use of his property by arbitrary action without a comprehensive plan of zoning the entire community. We think that these contentions are without merit. The standard by which the board is governed is not only the ordinance in question but also its rules and regulations and the sanitary code of the State Department of Health, all looking to the preservation of the health of the community. The repeated failure to comply with the law by the prosecutor is sufficient to withhold from him a license to continue in the business without the necessity of adopting a zone within which no permits could be granted.

The writ will be dismissed, with costs.