P. RAYMOND HAULENBEEK, RELATOR-RESPONDENT; v. BOROUGH OF ALLENHURST, A MUNICIPAL CORPORATION IN THE COUNTY OF MONMOUTH, AND ALTHEA BOWNE, BOROUGH CLERK OF THE BOROUGH OF ALLENHURST, DEFENDANTS-APPELLANTS.

Argued October 24th, 1947—Decided January 29th, 1948.

For the relator-respondent, *Mr. Ward Kremer.*

For the defendants-appellants. *Mr. Richard W. Stout.*

The opinion of the court was delivered by

McLEAN, J. This is an appeal from an order made in the Supreme Court awarding to relator-respondent. a peremptory writ of *mandamus* compelling the Borough of Allen-

hurst and Althea Bowne, clerk of said borough, to issue to the relátor a license to conduct a hotel at relator's premises situate on the east side of Norwood Avenue, between Corlies Avenue on the north and Allen Avenue on the south in the Borough of Allenhurst, Monmouth County, New Jersey.

The appeal is before this court on leave granted to mold the pleadings for the purpose of review. Nine grounds of appeal are stated. The fifth and ninth concern the principal question for determination and will be considered as one to wit: The structure for which the hotel permit is sought is located within a district zoned exclusively for one-family dwellings and there has been abandonment and change of use of the premises.

The applicable provision of the Zoning Act (*N. J. S. A.* 40:55–48) provides that any non-conforming use or structure existing at the time of the passage of a zoning ordinance may be continued upon the lot or in the building so occupied and any such structure may be restored or repaired in the event of partial destruction thereof.

Appellants contend that the history of the premises, and the renting thereof for other than hotel uses in 1940, 1941, 1943 and part of 1944 shows a complete abandonment of any possible hotel use after 1939, and that after such long abandonment of the claimed hotel use, and the conversion to other purposes, the claimed hotel use may not be revived; that unless a non-conforming use is actively and constantly maintained the right thereof is lost. Citing *Durkin Lumber Co.* v. *Fitzsimmons*, 106 *N. J. L.* 183; 147 *Atl. Rep.* 555. That case does not fix a standard by which the constant use and activity required shall be measured. The test is that the non-conforming use must be the same before and after the passage of the ordinance. Thus each zoning case necessarily stands on its own facts. *National Lumber Products Co.* v. *Ponzio*, 133 *N. J. L.* 95, and cases cited at *p.* 97; 42 *Atl. Rep.* (*2d*) 753.

The evidence in this case develops the following: The zoning ordinance of the Borough of Allenhurst was adopted March 4th, 1929. In 1901 a building on the premises which had been operated for a number of years as an inn or hotel,

was destroyed by fire and the pretentious Allenhurst Hotel was built to replace it. Fire destroyed the Allenhurst Hotel in December, 1929. A permit to erect a new hotel on the site was issued in March, 1930, and the construction of the building was proceeded with. Financial difficulties of the owners halted its construction above the ground floor, but the completed portion was furnished and used for the entertainment of guests during the seasons of 1930, 1931. There is doubt as to 1932. Foreclosure proceedings ensued by which the property came into possession of the Morris County Savings Bank. Various efforts were made to operate the building for the purpose intended, with occasional vacancies, until 1939. That year it was vacant. In 1940 and 1941 it was rented and operated by the borough as an adjunct to its Beach Club. During 1942 it was vacant. In 1943 and 1944 it was occupied by the United States Army. Relator acquired the property in 1943 and has since pursued his efforts to put it to appropriate use.

To constitute an abandonment of a non-conforming use the change must be substantial and the evidence such as to afford a rational basis to support it. *Eilenberg* v. *Taggart*, 119 *N. J. L.* 61; 194 *Atl. Rep.* 447.

Periods of interruption due to lack of demand, inability to get a tenant and financial difficulty did not change the character of use. *Walton* v. *Stephens*, 124 *N. J. L.* 216; 11 *Atl. Rep.* (2d) 364; *Campbell* v. *Board of Adjustment of South Plainfield*, 118 *N. J. L.* 116; 191 *Atl. Rep.* 742; *National Lumber Products Co.* v. *Ponzio, supra.*

The effort here has been to overcome the difficulties of an economic depression and wartime exigencies and the temporary occupancy by the borough in its admitted effort to relieve the situation cannot be considered such a substantial change as to amount to an abandonment or discontinuance of the non-conforming use. The character of the building was not changed. Nor should it be affected by the occupancy of the United States Army. A nation which in time of war has the power to draft its manpower may certainly contravene rights arising from zoning. *Tim* v. *Long Branch*, 134 *N. J. L.* 285; 53 *Atl. Rep.* (2d) 164.

We conclude that the non-conforming use of the property has been established, that there has been no abandonment thereof and that the judgment of the Supreme Court was proper.

The remaining grounds of appeal relate to the issuance of a license to operate the hotel during the season of 1946. The license was issued pursuant to the mandate of the writ and these matters have become moot by the lapse of time and need not be discussed. *Risko* v. *Risko,* 138 *N. J. Eq.* 222; 46 *Atl. Rep.* (*2d*) 810.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 10.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, HEHER, JJ. 3.