[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 152 
This appeal brings up for review the conviction of the defendant-appellant for violation of the zoning ordinance of City of Long Branch, in that she permitted the use of a single detached house located at 936 Ocean Avenue for more than one family and the renting of various portions of the said house to various persons, contrary to and in violation of the 4th section of said ordinance passed March 3, 1931, and the several amendments thereto and supplements thereof.
The defendant sets up as the first ground for reversal that three years prior to the zoning ordinance and continuously thereafter the then owners used the property for what is customarily known as a rooming house; that such use was a non-conforming use under the statute (R.S. 1937, 40:55-48) which she as the successor in title could continue.
These are the facts. Prior to 1948 the premises were occupied as a private one family residence; they were then acquired by James C. Gaffney and his partner Bernard Lepinsky with the idea of erecting an apartment house. Confronted with adverse economic conditions of the depression period they abandoned the idea of the apartment house and "to get some money out of it to pay the taxes" the house was furnished and according to Lepinsky they "started in renting rooms." *Page 153 
There were "around twenty-six rooms, * * * but only about twenty-two rented rooms because the other rooms was like living room and sitting room and kitchen, all those things." Gaffney acquired Lepinsky's interest and continued the business under his personal supervision until he died in December, 1943. Salesmen had rooms there; a sign appeared on the premises inviting roomers; for a time meals were served. Gaffney's daughter testified that she was a "paying guest" and that there were others; that when Gaffney died the executors of his estate "asked the people to vacate and then they closed it up" and it remained closed until sold in December, 1947. Defendant-appellant, when asked what use she is making of the premises, testified, "Well, there is three apartments there that I have rented out."
These facts fail to establish the non-conforming use here claimed. It is now no longer open to question that the spirit underlying the Zoning Act (R.S. 40:55-30, et seq.), is to restrict rather than to increase any non-conforming use under section 48. The non-conforming use must be a continuance of the same use made of the property at the time of the passage of the ordinance; it must have been lawful when instituted and actively and constantly maintained. Lane v. Bigelow, 135 N.J.L. 195;Durkin v. Fitzsimmons, 106 N.J.L. 183.
In this case the use of the property as a rooming house was not actively maintained; it did not continue after December, 1943, when Gaffney died. Gaffney's daughter testified, and it is corroborated by Lepinsky, that when Gaffney died the people were asked to leave, the house was closed and remained closed for a period of upwards of four years. There is no evidence that any effort was made to continue the business or to find a tenant as in Campbell v. South Plainfield, 118 N.J.L. 116, orHaulenbeek v. Allenhurst, 136 N.J.L. 557. Nor does it appear that it was sold as a rooming house as in Eilenberg v. Taggart,119 N.J.L. 61. The present use is different from the use made of the property by Gaffney. He entertained roomers and paying guests; Mrs. Casper has three apartments there which she has rented out. Such a *Page 154 
change or enlargement of the use is fatal to its continuance.National Lumber Products Co. v. Ponzio, 133 N.J.L. 96; Lanev. Bigelow, supra.
We find no merit in the suggestion that the inactivity at the property from 1943 to December, 1947, was excusable because of or incident to the settlement of Gaffney's estate. Members of his family were acting as his executors; they must have been familiar with the property, and their failure to protect the privilege of maintaining a non-conforming use is a measure of confirmation that the use was abandoned.
The second and third grounds of defense cover the right of the former owner to conduct a rooming house without a license. The plaintiff contends that the defense of a non-conforming use could not prevail because the use was not legally instituted, in that Gaffney had failed to comply with an ordinance which required him to have a license to carry on his business. The defense argues that the ordinance applied to boarding houses and lodging houses and not to rooming houses. We find it unnecessary to consider these points. The abandonment of the use makes it immaterial that it was not legally instituted.
The evidence of the violation was submitted on stipulation. It was sufficient to form a rational basis for the conviction and it will not be disturbed.
The judgment below is affirmed.