16 N.J. Super. 535 (1951)
85 A.2d 231
TOWN OF MONTCLAIR, BY WILLIAM F. KARL, BUILDING INSPECTOR, PLAINTIFF-RESPONDENT,
v.
HELEN BRYAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided December 6, 1951.
*537 Mr. Samuel Rosenblatt, attorney for defendant-appellant.
Mr. Robert B. Shepard, Jr., attorney for plaintiff-respondent.
*538 NAUGHRIGHT, J.C.C.
This is an appeal de novo from a conviction in the Montclair Municipal Court for the violation of a zoning ordinance; to wit, the maintenance of a multi-family dwelling in a single-family residence zone.
The case has been submitted on an agreed state of facts wherein the use of the premises as a multi-family dwelling is admitted as is its location within a single-family residence zone.
There are two questions involved in this appeal: (1) whether, under the facts of this case, there has been an abandonment of the valid nonconforming use that existed at the time of the adoption of the first zoning ordinance in Montclair in 1921; and (2) the validity of the zoning ordinance in its application to defendant's premises.
The agreed state of facts shows that the first Montclair zoning ordinance, adopted May 19, 1921, placed the premises in question, No. 137 Bellevue Avenue, Montclair, New Jersey, in a single-family residence zone. The dwelling since that time has remained in a single-family residence zone.
The said premises had been constructed many years prior to 1920, and were occupied and used as a multi-family dwelling by three separate families prior to 1922.
Defendant's predecessor in title, a Mr. Reynolds, acquired the house in 1922, and requiring the use of it for himself, his wife and four children, made a number of alterations in the premises to make it suitable for one-family use. He removed the bathroom fixtures from the first floor; removed the kitchen fixtures from the second floor; and installed a bathroom on the third floor.
Reynolds and his family occupied the house from 1922 to July, 1949, when he conveyed the premises to the defendant. During that period, as his children grew up and went away to college, the third floor was occupied by various persons at various times, never exceeding three in number at any one time. Such persons had the use of other rooms in the house, such as the first floor living room, the porch and the second *539 floor library, and had their table board with the Reynolds family.
Defendant acquired the premises in July, 1949, and thereafter re-installed the kitchen fixtures on the second floor and an electric hot plate on the third floor. The house is presently occupied by three families (including defendant), each having his or her own cooking facilities.
It will be unnecessary for the purposes of this appeal to consider the constitutional validity of zoning ordinances (insofar as they sought to divide a municipality into districts for various uses) prior to the 1928 zoning amendment to the 1844 Constitution; for a valid nonconforming use under the stipulated facts can be assumed up until 1922 when Reynolds purchased the property in question.
The original zoning ordinance of 1921 contained a section dealing with nonconforming uses (similar to section 31 of the present ordinance adopted April 22, 1937), providing that any nonconforming use existing at the time of its passage could be continued. Our Zoning Act contains a like provision, providing that "Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued * * *." R.S. 40:55-48.
Our courts have made it clear that the "continuance of a nonconforming use" must be a continuance of the same use made of the property at the time of the passage of the ordinance and not of some other kind of use; it must have been lawful when instituted and actively and constantly maintained. See Kensington Realty Co. v. Jersey City, 118 N.J.L. 114 (Sup. Ct. 1937); Haulenbeek v. Allenhurst, 136 N.J.L. 557 (E. & A. 1947); Lane v. Bigelow, 135 N.J.L. 195 (E. & A. 1946).
Defendant cites Haulenbeek v. Allenhurst, supra, and Campbell v. South Plainfield, 118 N.J.L. 116 (Sup. Ct. 1937) in support of the proposition that there had been no abandonment of the nonconforming use. But the facts of the instant case are clearly inapposite to those cases.
*540 Here there has been no cessation or non-user of the nonconforming use for a brief period because of inability to obtain a tenant, as in Campbell v. South Plainfield, supra; nor has there been a temporary interruption in the nonconforming use because of financial difficulties, lack of demand, or war time exigencies, as in Haulenbeek v. Allenhurst, supra.
There has been, instead, a change in the use of the property from a multi-family dwelling to a single-family residence and a constant, uninterrupted and active maintenance of the latter use for a period of 27 years. Such a change of use is fatal to its continuance. State v. Casper, 5 N.J. Super. 150, 154 (App. Div. 1949).
The statement that Mr. Reynolds never intended to waive any legal rights with regard to the occupancy of the house by more than one family, which he had when he purchased the house, is belied by his conduct and actions during the 27-year period in which he had made a voluntary conversion to a single-family residence. Such facts afford an inference that there had been an abandonment of the nonconforming use. Cf. Haulenbeek v. Allenhurst, supra.
In determining whether a nonconforming use has been abandoned, a case should turn primarily on the acts of the former owner and not on alleged statements of such owner, except insofar as words took the form of action. See Dorman v. Mayor and City Council of Baltimore, 187 Md. 678, 51 A.2d 658 (Ct. App. 1947).
Defendant urges that the change in the nonconforming use must be a radical one (i.e., some physical alteration in its structure). Such is clearly not the case. See case of State v. Casper and cases cited supra.
The fact that there were occasional boarders in the home during this 27-year period (who had their meals with the Reynolds family) did not change the character of the use as a single-family residence, for under the Montclair ordinance up to three boarders are permitted at any one time in any residential zone without violation of the zoning ordinance.
*541 It is also argued by the defendant that the ordinance in its application to her premises is arbitrary and unreasonable and constitutes a "taking" of her property in the constitutional sense. Her sole basis for this conclusion is that there are several houses near her premises which are occupied by two families as valid nonconforming uses, namely, numbers 125, 132, 136, 140 and 145.
The defendant, in her attack upon the reasonableness of the ordinance in its application to her premises, is met, at the outset, with the presumption that the ordinance is reasonable in its operation. Crow v. Town of Westfield, 136 N.J.L. 363 (Sup. Ct. 1947); Collins v. Board of Adjustment of City of Margate, 3 N.J. 200 (Sup. Ct. 1949). The burden is upon the one attacking the ordinance to overcome the presumption of reasonableness. Oliva v. City of Garfield, 1 N.J. 184 (Sup. Ct. 1948).
Since the reasonableness of a zoning regulation is a question of fact, the burden is upon the defendant to present factual proofs in support of her contention. See American Grocery Co. v. Board of Commissioners of New Brunswick, 124 N.J.L. 293 (Sup. Ct. 1940), affirmed 126 N.J.L. 367 (E. & A. 1941).
The defendant has presented no proof that her property has been arbitrarily and unreasonably placed in a one-family residence zone. Nor has proof been offered that the overall scheme or character of the neighborhood is other than residential. The only proof defendant offers is that in the immediate vicinity of the said premises there are four or five nonconforming uses (which had been in existence from the time of the original ordinance).
From the stipulated facts it appears that the length of Bellevue Avenue on which defendant's premises are located is 1.2 miles, of which about 75 or 80 per cent is zoned for single-family residences.
Zoning regulations must be in accordance with a comprehensive plan to achieve specified purposes generally relating to the health, safety, morals or general welfare of *542 the community, with reasonable consideration to the character of each district, its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout the community. R.S. 40:55-32; Oliva v. City of Garfield, supra.
There is no proof that the ordinance is not in accordance with a comprehensive plan to achieve the specified statutory purposes.
The existence of nonconforming business uses in a relatively small portion of an area reasonably and naturally comprising a residential unit does not disable the municipality from classifying the whole as a residential unit. Burmore v. Smith, 124 N.J.L. 541 (E. & A. 1940).
In an absence of a showing that the measures invoked by the zoning ordinance are not reasonably adapted to the need of communal life, there is no "taking" of property in a constitutional sense. Collins v. Board of Adjustment of City of Margate, supra.
The presumption of reasonableness has not been overcome by proof to the contrary.
The conviction below will be affirmed.