18 N.J. Super. 90 (1952)
86 A.2d 691
ANN CASPER, PLAINTIFF-APPELLANT,
v.
CITY OF LONG BRANCH, A MUNICIPAL CORPORATION, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1952.
Decided February 27, 1952.
*92 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Ward Kremer argued the cause for appellant.
Mr. William R. Blair, Jr., argued the cause for respondents (Mr. Julius J. Golden, attorney).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
The Long Branch zoning ordinance, adopted May 5, 1931, classifies the Elberon section of the city, described in the record to be a "high class residential section" extending from "Takanassee Lake south to the Deal line," as a Residence A district in which commercial use of structures is prohibited and residences may be used "by not more than one family, for strictly residential purposes."
On the ground that the use is prohibited by the zoning ordinance, plaintiff was refused a boarding house license for her 28-room, 13-bath residence at 936 Ocean Avenue. She brought this action in the Law Division, seeking, as set forth in the pretrial order, "that defendants be restrained from enforcing the zoning ordinance and that the building inspector be required to issue a permit." After trial, judgment was entered dismissing her complaint, and she appeals.
The contention first made is that "the immediate vicinity in which plaintiff's property is located has been given over to numerous commercial enterprises" "which makes the enforcement of the ordinance against the plaintiff arbitrary, unreasonable and capricious."
The presumption is that a zoning ordinance is reasonable in its application, and plaintiff has the burden to establish the contrary. Speakman v. Mayor & Council of North Plainfield, 8 N.J. 250 (1951); Brandon v. Montclair, 124 N.J.L. 135 (Sup. Ct. 1940), affirmed 125 N.J.L. 367 (E. & A. 1940); Birkfield Realty Co. v. Board of Com'rs. of City of Orange, 12 N.J. Super. 192 (App. Div. 1951), certif. den. 8 N.J. 319 (1951). The trial court ruled that *93 plaintiff did not overcome the presumption, and we reach the same conclusion upon our review of the record.
Plaintiff's argument is that the refusal to issue her a permit was arbitrary and capricious because residences or structures at 907, 919, 1015 and 1139 Ocean Avenue, and a building at the rear of plaintiff's lot and another around the corner, are either used as boarding houses or are subdivided into apartments, and there is a 75-room hotel, the Leelands, across the street. However, these few exceptions do not show that the overall scheme or character of the neighborhood is other than single family residential. They may have existed, so far as appears, before the zoning ordinance was adopted. We will not assume the contrary and it is established that the existence of non-conforming uses in a relatively small portion of the area does not prove that the refusal to permit another is in any real sense arbitrary or unreasonable. Dubin v. Wich, 120 N.J.L. 469 (Sup. Ct. 1938); Green v. Board of Commissioners of Newark, 131 N.J.L. 336 (Sup. Ct. 1944). There is no proof that the uses resulted from variances allowed by the municipality; rather, there is evidence of alert activity by the municipality to prosecute violations (for example, this plaintiff, State (George H. Northam) v. Casper, 5 N.J. Super. 150 (App. Div. 1949), and the owner at 907 Ocean Avenue, with many others), reasonably justifying the inference that the city is determined to maintain the integrity of the zoning scheme. So, plaintiff cannot succeed even if the cited few uses constitute violations, or, indeed, even if they result from ill-advised or illegal variances. The refusal to issue the permit is not to be characterized as unreasonable and capricious when the proofs do not show that the general scheme has been so far shattered as to require the conclusion that the ordinance no longer subserves the objectives which underlie zoning, R.S. 40:55-32; see Berry v. Recorder's Court of West Orange, 124 N.J.L. 385 (Sup. Ct. 1940), affirmed 125 N.J.L. 273 (E. & A. 1940); Scaduto v. Bloomfield, 127 N.J.L. 1 (Sup. Ct. 1941); Greenway Homes v. River *94 Edge, 137 N.J.L. 453 (Sup. Ct. 1948); Dubin v. Wich, supra, and there is also evidence of the determination of the city to avert a general breakdown by vigilant efforts to detect and stamp out violations and to call a halt to further encroachments. Cf. Birkfield Realty Co. v. Board of Com'rs. of Orange, supra.
This situation is in nowise comparable to the situations presented in Bianchi v. Morey, 128 N.J.L. 219 (Sup. Ct. 1942) and Dorsey Motors, Inc., v. Davis, 13 N.J. Misc. 620 (Sup. Ct. 1935), cited by plaintiff. In those cases the municipalities attempted by ordinance to restrict properties to residential use after substantially all other properties in the vicinity had been converted for industrial or commercial purposes. The evidence in this record more persuasively points to the uses in question as isolated exceptions in a district otherwise almost entirely made up of substantial single-family residences.
Plaintiff next argues that the ordinance is in any event inapplicable to her property, contending that the house was being used by a prior owner as a rooming house when the ordinance was adopted. This court, one judge dissenting, held on her appeal from the judgment convicting her of violation of the ordinance that such use had been abandoned by a predecessor in title and was for that reason no defense to the charge. State (George H. Northam) v. Casper, supra. While this case is entitled "State (George H. Northam) v. Casper," it was in fact an ordinary proceeding on behalf of the municipality to collect a penalty for violation of the municipal ordinance. Plaintiff took an appeal to the Supreme Court, Rule 1:2-1 (b), but it was dismissed for lack of prosecution. By stipulation, the testimony in the violation proceeding was made part of the record in this case. The trial judge ruled that plaintiff was not entitled in the circumstances again to have the question considered. We agree. Cf. Home Fuel Oil Co. v. Glen Rock, 118 N.J.L. 340 (Sup. Ct. 1937).
Affirmed.