37 N.J. Super. 262 (1955)
117 A.2d 275
JULIA GROSS, ARTHUR GROSS AND MOE GROSS, PLAINTIFFS-APPELLANTS,
v.
DONALD ALLAN, TOWN CLERK OF THE TOWN OF KEARNY, CHARLES F. WARREN, BUILDING INSPECTOR, FRANK P. RIZZOLO, SUPERINTENDENT, FIRE PREVENTION BUREAU, TOWN COUNCIL OF THE TOWN OF KEARNY, AND THE TOWN OF KEARNY, A MUNICIPAL CORPORATION IN THE COUNTY OF HUDSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1955.
Decided October 17, 1955.
*264 Before Judges GOLDMANN, FREUND and CONFORD.
*265 Mr. Ralph W. Chandless argued the cause for plaintiffs-appellants (Messrs. Chandless, Weller and Kramer, attorneys).
Mr. Robert J. McCurrie argued the cause for defendants-respondents.
The opinion of the court was delivered by CONFORD, J.A.D.
The somewhat aberrant proceedings which culminated in this appeal had their inception in a complaint in lieu of prerogative writ demanding that the town authorities of Kearny issue to plaintiffs a license to sell motor vehicles on a plot upon which they conduct an automobile service station. The license was sought under the terms of a 1946 ordinance licensing and regulating "the business of selling or storing for sale any used or new motor vehicles on vacant lots or land." The complaint recites that the application for the license was in good order and that the town council rejected it and refused the license "despite the fact that said ordinance provides no standards authorizing the rejection of plaintiffs' application." Section 3 of the ordinance requires that an applicant for a license to conduct a business involving the storage or display for sale of two or more motor vehicles file an application with the superintendent of the fire prevention bureau and section 4 that the license shall not issue until after approval by the building inspector, the superintendent of the fire prevention bureau and the town council "after hearing thereon." The ordinance contains a number of provisions regulating the conduct of such businesses. One of the sections not here material was held invalid in Signore v. Rizzolo, 9 N.J. Super. 539 (Law Div. 1950), the court expressly passing the question as to validity of the provision governing procedure in issuance of licenses.
The answer set up the defense, among others which require no discussion, that the application had been disapproved because the conduct of such a business at plaintiffs' premises would offend the zoning ordinance of the town and that plaintiffs should first exhaust their remedies of appeal to the *266 board of adjustment for a variance. The first pretrial order entered fixed as issues the invalidity of the licensing ordinance in respect to standards for denial of a license, the applicability of the zoning ordinance to the proposed business, the prospective violation of the zoning ordinance as a defense to the demand for a license, whether plaintiffs had a prior nonconforming use, whether the zoning ordinance was arbitrary in reference to the proposed business, limitations and estoppel.
Thereafter, apparently with the consent of the trial court, the proceedings were held in abeyance pending an application by plaintiffs to the local board of adjustment "for a variance or such other permission from such zoning board as might be found necessary to enlarge the plaintiffs' right to store used motor vehicles on vacant land to specifically embrace the right to sell not more than 6 such new or used motor vehicles in conjunction with the present operation of the service station and the storage of motor vehicles on the premises." Thereafter such an application was made, plaintiffs reserving their right to establish any existing nonconforming use. Nothing appears as to whether the application was conceived of as being under subparagraph (c) rather than (d) of the jurisdictional section, N.J.S.A. 40:55-39, i.e., whether it was for the grant of a variance, or for a recommendation thereof to the governing body. It will be noted that as a result of L. 1953, c. 288, the board had jurisdiction only under (d) in this situation. There was a hearing before the board wherein a number of neighboring property owners were heard in objection to the proposal and it was denied by the board. Thereupon an order amending the pretrial order was entered wherein the defendants waived the defense of failure of exhaustion of remedies, the occurrences before the zoning board were recited, the board was made a party and the issues were expanded as follows: (a) the alleged unconstitutionality of the revision of the zoning ordinance of December 9, 1952, as an arbitrary and unreasonable restriction of plaintiffs' property; (b) the applicability of the zoning ordinance, in terms; (c) nonconforming *267 use; and (d) illegality of the denial of the application by the zoning board. There was still another amendment of the pretrial order which need not be discussed.
At the trial of the cause one of the plaintiffs testified concerning the nature and history of the use of the property and a real estate expert testified on their behalf, in substance, that Belleville Turnpike, on which this property fronts, is "about the heaviest travelled" road in the West Hudson area; that the restriction of the right to sell motor vehicles on the subject property "would [not] alter the usual traffic situation in any way whatsoever"; and that the grant of the right would not increase traffic, affect the public safety or produce fire-hazards. The court found it unnecessary to pass upon the validity of the licensing ordinance and determined that the proposed use would violate the zoning ordinance and that that consideration warranted the denial of the license. It concluded there was a prior nonconforming use for storage but not for the sale of motor vehicles, that the action of the board of adjustment was unexceptionable and that the zoning ordinance did not have an unconstitutional effect as to the plaintiffs.

I.
We propose to pass questions which have occurred to us respecting the appropriateness, procedurally, of some of the issues which have been discussed in the briefs and at argument. We take it that both sides are interested in a comprehensive declaration on the merits as to the legal rights of plaintiffs to the claimed use of their property as against any of the assertions to the contrary by the Kearny authorities. Since the questions have been fully briefed and argued, it appears in the public interest that we accede.
First, as to the licensing ordinance. We conclude that the provisions governing the procedure for passing upon and issuing licenses are void for lack of appropriate standards. The law on the subject of standards in licensing ordinances has been exhaustively considered and frequently applied by *268 our courts. There is no escape from the essentiality of specific provisions plainly stating the norms or standards which are to guide and control the designated officials in determining whether the license shall be granted or denied. Weiner v. Borough of Stratford, 15 N.J. 295, 299 (1954); Township of Raritan v. Hubb Motors, Inc., 26 N.J. Super. 409, 410 (App. Div. 1953); Finn v. Municipal Council of City of Clifton, 136 N.J.L. 34 (E. & A. 1947); Rosenberg v. Board of Com'rs of City of Camden, 137 N.J.L. 505 (Sup. Ct. 1948). Defendants urge that the requirements for approval by the building inspector and the superintendent of the fire prevention bureau sufficiently imply an intent that the statutes and ordinances committed to their administrative enforcement should constitute the standards applicable. Cf. Kurinsky v. Board of Health, Lakewood Township, 128 N.J.L. 185, 187 (Sup. Ct. 1942). While the nature of the subject matter regulated may in a particular case warrant fairly broad standards, Adams Theatre Co. v. Keenan, 12 N.J. 267, 274 (1953); Ward v. Scott, 11 N.J. 117, 123, 124 (1952), the legislative language should not leave any doubt as to what the standards are. The mere requirement of the approval of particular administrative or police officers does not spell out the standards, particularly where, as here, there is overlaid the requirement of approval by the governing body "after hearing," unaccompanied by specification of any kind of criterion upon which the decision at the hearing is to hinge. Finn v. Municipal Council of City of Clifton, supra (136 N.J.L., at pages 36, 37). Section 4 of this ordinance is defective on its face and invalid.
Plaintiffs do not contend that the invalidity of section 4 invalidates the ordinance as a whole. Were it not for other considerations shortly to be mentioned it might be necessary for us nevertheless to determine the effect of the invalidation of section 4 upon the subsistence of the remainder of the ordinance. Where a licensing ordinance is entirely void a judgment in the nature of mandamus will not issue to compel the grant of a license since none is legally required. 34 Am. Jur., Mandamus, § 184, p. 958; 55 C.J.S., Mandamus, *269 § 156, p. 293; per contra where it is only partially invalidated and the requirement for a license survives. Cf. Weiner v. Borough of Stratford, supra (15 N.J., at page 301). The question of severability of the invalid provision is one both of legislative intent, Yanow v. Seven Oaks Park, Inc., 11 N.J. 341, 361, 36 A.L.R.2d 639 (1953), and of whether the remaining provisions are functionally self-sufficient as containing the essentials of a complete enactment, Schait v. Senior, 97 N.J.L. 390, 393 (Sup. Ct. 1922). The two criteria must coexist. See also Edwards v. Mayor & Council of Borough of Moonachie, 3 N.J. 17, 26 (1949); Tagmire v. Atlantic City, 35 N.J. Super. 11, 23 (App. Div. 1955); McGlynn v. Grosso, 114 N.J.L. 540, 544 (Sup. Ct. 1935); P.J. Ritter Co. v. Mayor of City of Bridgeton, 135 N.J.L. 22, 32 (Sup. Ct. 1946), affirmed 137 N.J.L. 279 (E. & A. 1948).
We have concluded not to determine the question as to the invalidity of the ordinance as an entirety, and for two reasons. First, no charge of that import is made by any party. Second, we have determined, as will be developed under II, hereinafter, that the exercise by plaintiffs of the license sought would involve a violation of a valid zoning restriction and the court's aid by judgment in lieu of prerogative writ ought not to go in furtherance of such a result. Moreover, the spirit of the submission of the cause on appeal was for a determination of plaintiffs' rights to the claimed use on the merits. The validity vel non of the ordinance is not material to that inquiry.

II.
Now to consider the zoning phases of the case.
The contention that the zoning ordinance does not prohibit the sale of used cars at the locus in quo is quite without merit. This property is in a "C-1" (neighborhood business) district. Such a use is by the plain language of the ordinance permitted only in "C-2" (central business), "N-1" (restricted manufacturing) and "M-2" (general industrial) *270 districts. The contention that the zoning plan operates arbitrarily as to plaintiffs' property is equally without merit. It is based on the argument that the property is at the intersection of two heavily travelled thoroughfares, is situated across the street from a used-car lot, and is near a Passaic River shipping and storage facility for the handling of fuel oil. The used-car lot across North Arlington Avenue referred to is in another municipality and county. While that fact does not make the neighboring use irrelevant in the consideration of appropriate principles of zoning (see the discussion of harmonizing zoning districts at the boundary line of another municipality with the uses in the latter area in Borough of Cresskill v. Borough of Dumont, 15 N.J. 238, 245-249 (1954) and in Bassett on Zoning (1940), p. 92; and see Moriarty v. Pozner, 36 N.J. Super. 586 (App. Div. 1955), the governing body of Kearny was entitled to ordain a zoning plan upon considerations fairly comprehensive of the statutory zoning desiderata in relation to that municipality, to which its jurisdiction was confined, and uniformly applied within its boundaries. See 1 Yokley, Zoning Law and Practice (2d ed. 1953), §§ 53, 54, pp. 83, 84; Schmidt v. Board of Adjustment, Newark, 9 N.J. 405, 417, 418 (1952). We do not find that it has failed to do so in relation to plaintiffs' property nor even that it has been insensible to the effect of neighboring conditions in North Arlington. The subject property is situated on a small triangular block at the northwesterly tip of the town which constitutes an isolated "C-1" neighborhood business zone, so far as Kearny is concerned. Running immediately southerly and easterly from the block for some distance is a solidly one-family residential zone. The subject block was changed from residential in the 1952 revision of the ordinance, apparently out of consideration in part for the character of nearby uses in North Arlington and along the Passaic River. Plaintiffs can have no just complaint with the zone scheme. Zone boundaries must begin and end somewhere, notwithstanding the incidental discomfiture of terminal occupants. 1 Yokley, op. cit., supra (§ 58, pp. 93-95); and see Izenberg v. Board *271 of Adjustment, Paterson, 35 N.J. Super. 583, 591 (App. Div. 1955). There is no argument presented against the reasonableness in general of restricting used-car lots, with their special use and regulatory problems (Chaiet v. City of East Orange, 136 N.J.L. 375 (Sup. Ct. 1948)), to the three zone classes allowed by the Kearny ordinance.
While plaintiffs asserted at the argument that they did not conceive the question of prior nonconforming use to be within the area of dispute now to be determined and that they viewed the issue as one for factual development in the event of a prosecution for enforcement of a violation of the ordinance, it is obvious, as noted, that the question was specifically posed by the pretrial order. There was no amendment or modification of the order at the trial. It was therefore an issue for decision in this litigation and particularly if, as represented, the desire is for a definitive settlement of this dispute. Cf. Schlossberg v. Jersey City Sewerage Authority, 15 N.J. 360, 370 (1954). Defendants are as much entitled as plaintiffs to a final disposition of this controversy.
There was proof that "single car" sales have been made on the property, which we assume to mean the display for sale of a single car at a time. But no specific date or period prior to December, 1952, when the present ordinance was adopted, was mentioned in the testimony. Passing this, there are two other difficulties. First the prior zoning ordinance restricted this property to residential uses and a use in violation of the ordinance when begun cannot rise to the status of a nonconforming use protected by the statute. R.S. 40:55-48; Levy v. Ackerman, 133 N.J.L. 69 (Sup. Ct. 1945); and see State v. Casper, 5 N.J. Super. 150, 153 (App.Div. 1949); 1 Yokley, op. cit., supra (§ 148, at p. 363); 8 McQuillin, Municipal Corporations (1950), §§ 25.185, 26.186, pp. 369, 373, 374. Second, the display for sale of a single used car, as an appurtenance of a service station business, is an entirely different operation than the conduct of a general used-car business, even if, as sought here, limited to display for sale of no more than six cars at a time. A protected nonconforming use is the same use which existed *272 when the ordinance was adopted, not one which is enlarged and substantially different. Berdan v. City of Paterson, 1 N.J. 199, 203 (1948); State v. Casper, supra (5 N.J. Super., at pages 153, 154); Scerbo v. Board of Adjustment, Jersey City, 4 N.J. Super. 409, 413, 414 (App. Div. 1949); Burmore Co. v. Smith, 124 N.J.L. 541, 547 (E. & A. 1940). The spirit underlying the zoning statute is to restrict rather than expand nonconforming uses. Lumund v. Board of Adjustment, Rutherford, 4 N.J. 577, 585 (1950); Lane v. Bigelow, 135 N.J.L. 195, 198, 199 (E. & A. 1947); Borough of Rockleigh, Bergen County, v. Astral Industries, Inc., 29 N.J. Super. 154, 160 (App. Div. 1953). The inception of a nonconforming use on a limited part of a plot does not necessarily constitute a preemption of the entirety of the plot for uses of that character, as against a later prohibitory zoning ordinance. DeVito v. Pearsall, 115 N.J.L. 323, 325 (Sup. Ct. 1935); Martin v. Cestone, 33 N.J. Super. 267, 270 (App. Div. 1954). The criterion is whether the nature of the incipient nonconforming use, in the light of the character and adaptability to such use of the entire parcel, manifestly implies an appropriation of the entirety to such use prior to the adoption of the restrictive ordinance. Cf. Lamb v. A.D. McKee, Inc., 10 N.J. Misc. 649 (Sup. Ct. 1932). In that sense there has been no nonconforming use of plaintiffs' property sufficient to validate any present use of it in the conduct of a general open-air motor car sales business.
There is next the contention that since plaintiffs have a license to store or park cars there is not sufficient difference in such use from that of the sale of cars as reasonably to warrant restriction against the latter. The difference between the two kinds of use is so pronounced, particularly from the standpoint of traffic attraction, as not in our judgment to be fairly debatable.
There remains for consideration the attack upon the decision of the board of adjustment. As we have already noted, this application, as one for relief against a use restriction, was within only the recommendatory jurisdiction of the board under N.J.S.A. 40:55-39(d), as amended by L. *273 1953, c. 288. Plaintiffs were required to show "special reasons" grounded in the statutory zoning criteria for a recommendation of variance, substantially supported by evidence. Ward v. Scott, supra; Izenberg v. Board of Adjustment, Paterson, supra. The burden was upon the applicants to sustain their case, not upon the opponents to resist it. Plaintiffs' argument before the board for a variance was substantially the same as their attack upon the zoning scheme of the ordinance in application to their property and the attempt at proof was minimal. We have already dealt with the substance of the argument hereinabove. If necessary, the conclusion of the board to deny the application is additionally supported by the showing of an already existing infringement upon the reasonable right of access to their garages of nearby property owners occasioned by the cars of business visitors to the plaintiffs' premises. We cannot quarrel with the board's conclusion that such conditions might get worse if the variance here requested were granted. There is no basis presented for interference by the court with the determination of this matter by the zoning board.
Judgment affirmed.