49 N.J. Super. 423 (1958)
140 A.2d 238
ANGELO SCAVONE AND SADIE SCAVONE, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
MAYOR AND COUNCIL OF BOROUGH OF TOTOWA, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT, AND JAMES SANDFORD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1958.
Decided March 28, 1958.
*425 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Howard Stern argued the cause for defendant-appellant (Mr. Peter Hofstra, attorney).
Mr. Albert H. Kreamer argued the cause for plaintiffs-respondents (Messrs. Kreamer and Kreamer, attorneys).
Mr. Joseph J. DeLuccia argued the cause for defendant-respondent (Messrs. Boyle and Boyle, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
The issue here may be simply stated. Does the claimant of a right to continue a nonconforming use of property free of a later restrictive zoning ordinance have to show that he began and continued that use in compliance with any and all statutory or municipal regulations governing the conduct of the business constituting that use? Or is it sufficient that the use existed in fact and did not violate the use restrictions of the zoning ordinance in effect when it began?
Plaintiffs, owners of real property in the Borough of Totowa, brought the present proceeding in lieu of prerogative writs to compel the defendant municipality to rescind its issuance to the defendant Sandford of a license to conduct a used motor vehicle business at his property at Browne Avenue and Union Boulevard in the borough named. According to the complaint, the plaintiff Angelo Scavone held a municipal license to conduct such a business on his own property and was actually so engaged when the complaint was filed. The present action was based upon the adoption of an amendment to the zoning ordinance June 21, 1955 prohibiting used-car businesses on vacant land in the area inclusive *426 of Sandford's property. Among other defenses, Sandford claimed a prior nonconforming use commencing June 1, 1953. He had secured a license required under a local ordinance regulating such businesses but failed to apply for a renewal of it at its expiration May 31, 1954. Nevertheless he continued to sell used cars at the premises until June 24, 1955, when he ceased operating the business because of municipal rejection of a new application for a license made June 21, 1955, based by the authorities on the prohibitory zoning amendment adopted that same day. He applied for a license again in November 1955, and it was again rejected. In June 1956 he applied for a limited license to sell used trucks only, and this was granted. The institution of the present action followed.
The trial court held the grant of even the limited license to Sandford violative of the zoning ordinance and also that he had no status for exemption from the ordinance as a prior nonconforming user. The reasoning of the decision was that the use had to be lawful in its inception and to be lawfully continued at all times thereafter; and that these requirements were offended in the failure by Sandford at any time to procure a motor vehicle dealer's license from the State Commissioner of Motor Vehicles, as required by N.J.S.A. 39:10-19, or, after May 31, 1954, to have a license under the local regulatory ordinance.
We are unable to agree with the trial court. The zoning statute was not enacted by the Legislature as a sanction for the enforcement of the multitudinous other statutes and municipal ordinances regulating various kinds of businesses and occupations in the exercise of other phases of the State's police and revenue raising powers. The zoning statute flatly provides: "Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied * * *." R.S. 40:55-48. What is protected is "the use in fact existing on the land at the time of the adoption of a new zoning ordinance." See Ardolino v. Florham Park Board of Adjustment, 24 N.J. 94, 104 (1957). If the use *427 was then in fact existing it may continue, insofar as the zoning act is concerned, so long as it continues without substantial change or enlargement. Ranney v. Istituto Pontificio Delle Maestre Filippini, 20 N.J. 189, 195 (1955); Haulenbeek v. Borough of Allenhurst, 136 N.J.L. 557 (E. & A. 1948). We are not here confronted with the question as to whether the protection of a nonconforming use would extend to a use which is a nuisance. See 8 McQuillin, Municipal Corporations (3d ed. rev. 1957), § 25.181, p. 470.
Plaintiffs and the defendant municipality seek to justify the judgment under appeal by invoking cases which have adverted to the prerequisite that the nonconforming user be "lawful" at its inception, and it is argued that the operator of a business who neglects to take out requisite licenses under other regulatory legislation is not conducting a lawful use. They cite such cases as Frank J. Durkin Lumber Co. v. Fitzsimmons, 106 N.J.L. 183, 189 (E. & A. 1929); Levy v. Ackerman, 133 N.J.L. 69 (Sup. Ct. 1945); and State v. Casper, 5 N.J. Super. 150 (App. Div. 1949). In none of these, however, except the Casper case, was the reference to prior lawful use considered in relation to lawfulness as regards compliance with licensing requirements under other laws. In the Casper case the question was raised but the majority of the court found it unnecessary to consider the point. But Judge Bigelow, dissenting, took the position that the other cases cited stand only for the proposition that the prior nonconforming use must not have been in violation of a prior zoning ordinance. We agree with this viewpoint. See also Gross v. Allan, 37 N.J. Super. 262, 271 (App. Div. 1955); 8 McQuillin, op. cit., supra, § 25.186, p. 483.
While it is recognized that the spirit of the zoning statute and the interpretive cases is restrictive of nonconforming uses, nevertheless the owner of property is entitled to stand on the statute without being made to suffer erosion of his rights as a nonconforming user under the excuse of serving the public policy represented by regulatory enactments *428 of quite different significance for the enforcement of which appropriate sanctions are available. As stated by Judge Bigelow in the Casper case, supra, the right of an owner to continue to exercise a nonconforming use is "a property right, a part of the land title, that could only be extinguished by acts or omissions indicating an intention to abandon it" (5 N.J. Super., at page 154). Defendant Sandford possessed such a right arising out of his actual use of the property as a place of business for the sale of used cars prior to and at the time of the adoption of the prohibitory zoning amendment. The other parties have not refuted his assertion that his cessation of the use after June 24, 1955, when the municipal officials refused his application for a renewal of the license, was involuntary, nor have they contended that an abandonment of his rights arose at that time. The argument, were it made, would not seem to have merit.
Plaintiffs cite a dictum by a trial court referee in Town of Ramapo v. Bockar, 151 Misc. 613, 273 N.Y. 452 (Sup. Ct. 1934), to the effect that a violation of the state conservation law will prevent the assertion of a right to a prior nonconforming use. The observation relied upon is not accompanied by any justificatory discussion and it does not persuade us. Cf. Village of Skokie v. Almendinger, 5 Ill. App.2d 522, 126 N.E.2d 421 (App. Ct. 1955).
The defendant municipality also makes a point of the fact that Sandford never procured a certificate of occupancy, as required under the zoning ordinance as a condition of the occupation or use of any land or building for any purpose whatsoever. The municipality and the plaintiffs both conceded at the argument, however, that the municipality does not generally enforce this provision, and it would therefore be unjust and discriminatory to base a destruction of defendant Sandford's property rights upon so technical an irregularity, under the circumstances.
Judgment reversed.